UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
THE CALF ISLAND COMMUNITY      )
TRUST, INC., and MARILYN TSAI  )
                               )
          Plaintiffs           )
     v.                        )    CIVIL NO. 3:02CV462(AHN)
                               )         (master)
YOUNG MEN'S CHRISTIAN          )
ASSOCIATION OF GREENWICH,      )
a/k/a YMCA OF Greenwich,       )
THE TRUST FOR PUBLIC LAND,     )
d/b/a,THE TRUST FOR PUBLIC     )
LAND INC.                      )
          Defendants           )


UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )    CIVIL NO.  3:03Cv275(AHN)
                               )
28.8 ACRES OF LAND, MORE OR    )
LESS LOCATED OFF THE COAST OF  )
GREENWICH, SITUATED IN THE     )
COUNTY OF FAIRFIELD, STATE OF  )
CONNECTICUT, YOUNG MEN'S       )
CHRISTIAN ASSOCIATION OF       )
GREENWICH, CONNECTICUT AND     )
                               )
UNKNOWN OWNERS, ET AL.,        )
                               )
          Defendants.          )
```

**PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Comes now plaintiff, the United States of America, and moves the Court for Partial Judgment on the Pleadings in the above-referenced consolidated case under Federal Rule of Civil Procedure 12(c).  Plaintiff seeks partial judgment denying the objections to the taking in the "Answer Objecting to Taking and

Objection to Release of Funds to YMCA" filed by defendants Marilyn Tsai and "The Calf Island Community Trust, Inc." for the following reasons:

    1. The United States, through its Fish and Wildlife Service, has authority to condemn the subject property for the public purposes stated in the Declaration of Taking and Complaint herein;

    2. Failure to name a person who may claim an interest in the property does not render the taking defective under Fed. R. Civ. Proc. 71A(d)(2), particularly in this case where there has not yet been a final hearing involving the compensation to be paid for the property;

    3. An objection to the distribution of the amount of estimated just compensation deposited into the court registry in accordance with 40 U.S.C. § 3114 is not a valid defense to the taking, because the deposit is merely an estimate and its disbursement is not a final determination of just compensation under Fed. R. Civ. Proc. 71A(j);

    4. The Secretary of the Interior has discretion to determine the land needed for expanding the Stewart B. McKinney National Wildlife Refuge in order to achieve the stated purpose of the project;

    5. The Secretary of the Interior has authority to use the United States' power of eminent domain where Congress authorizes purchases pursuant to 40 U.S.C. § 3113;

6. Failure of the acquiring agency to comply with the National Environmental Policy Act, 42 U.S.C. §§ 4321 and 4331-4335 (NEPA), with regulations, and with agency policies is not a valid defense to the taking;

7. The Complaint and Declaration of Taking comply with all the requirements of 40 U.S.C. § 3114 and Fed. R. Civ. Proc. 71A;

8. The rights of defendants have not been prejudiced by the distribution of the estimated just compensation, because they were given the opportunity to be heard, but did not appear.

WHEREFORE, plaintiff moves the Court to deny defendants' objections to the taking, grant partial judgment on the pleadings, and grant such other relief as the Court deems right and just.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY

---

JOHN HUGHES, CIVIL CHIEF
P.O. Box 1824
Federal Bar No. ct05289
New Haven, CT  06508
(203) 821-3700 - FAX 203-773-5373
john.hughes@usdoj.gov

JOY RYAN, TRIAL ATTORNEY
United State Department of Justice
Environment and Natural Resources Division
Land Acquisition Section
P.O. Box 561, Ben Franklin Station
Washington, D.C.  20044
(202) 305-0298

CERTIFICATION

This is to certify that a copy of the within and foregoing Plaintiff's Motion for Partial Judgment on the Pleadings has been mailed, postage prepaid this     day of February, 2004 to:

John Van Allen Murray, Esq.
Diserio Martin O'Connor &
    Castiglioni, LLP
One Atlantic Street
Stamford, CT 06901

Mary E. Sommer, Esq.
Sandak, Hennessy & Greco, LLC
970 Summer Street
Stamford, CT 06905

Joy Ryan, Esq.
United States Department of Justice
Environment & Natural Resources Division
Land Acquisition Section
P.O. Box 561
Ben Franklin Station
Washington, DC 20044

Dorothy Nelson Stookey, Esq.
New England Regional Counsel
The Trust for Public Land (Ind.)
33 Union Street
Boston, MA 02108

Philip H. Bartels
Holland Kaufmann & Bartels, LLC
289 Greenwich Avenue
Greenwich, CT 06830-6595

_____
JOHN B. HUGHES
ASSISTANT U.S. ATTORNEY
FED. BAR NO. CT05289
157 CHURCH STREET
NEW HAVEN, CT 06510