UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(at Bridgeport)

| | |
|---|---|
| THE CALF ISLAND COMMUNITY TRUST, INC., and MARLYN TSAI | CIVIL NO. 3-02-CV-462 (AHN) |
| v. | |
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, a/k/a, YMCA OF GREENWICH, THE TRUST FOR PUBLIC LAND, d/b/a, THE TRUST FOR PUBLIC LAND (INC.) | |
| UNITED STATES OF AMERICA | CIVIL NO. 3-03-CV-275 (AHN) |
| v. | |
| 28.8 ACRES OF LAND, MORE OR LESS, LOCATED OFF THE COAST OF GREENWICH, SITUATED IN THE COUNTY OF FAIRFIELD, STATE OF CONNECTICUT, YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, CONNECTICUT (YMCA), AND UNKNOWN OWNERS, ET AL. | February 25, 2004 |

## DEFENDANT YMCA'S MOTION FOR SUMMARY JUDGMENT

**Subject Pleading:** The 2/13/02 Complaint filed in the above-entitled Master Case by The Calf Island Community Trust, Inc. and Marlyn Tsai

In connection with the above-referenced 2/13/02 "State Court" Complaint, defendant **Young Men's Christian Association of Greenwich ("YMCA")** hereby files this Motion for Summary Judgment pursuant to FRCP 56(b) because there are no genuine issues as to any material fact and the YMCA is entitled to judgment as a matter of law with respect to each of the four 2/13/02 Counts. In a brief overview of the

Case 3:02-cv-00462-AHN   Document 47   Filed 02/27/2004   Page 2 of 6

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (Member Case)                    •YMCA's Motion for
(United States District Court, at Bridgeport, CT)         Summary Judgment

detailed discussion of the relevant facts and applicable law in the accompanying Memorandum of Law, the following summary is set forth:

1. **Count One (Alleged Breach of the 6/21/55 Restrictive Covenant)**. First, the Restrictive Covenant in Paragraph 1 of the 6/21/55 Deed to the YMCA from the four donors (the "6/21/55 Four Donors"), which set forth the requirement that Calves Island must be used solely for "residential purposes" if the property were owned by anyone other than the YMCA (or a successor entity via merger), has the meaning (under Connecticut real property common law) simply that the property cannot be used for commercial purposes. Because there is no issue herein with respect to the commercial use by anyone of Calves Island (including the current owner, the United States), thus, Count One must fail. Second, and separately, because plaintiff Marlyn Tsai is not a successor-in-title to the 6/21/55 Four Donors with respect to Calves Island (and for three additional reasons), she does not have standing herein to make a claim for a breach of the 6/21/55 Restrictive Covenant (even if it were, *arguendo*, a meritorious claim).

2. **Count Two (Alleged Invalidity of the 6/21/55 Deed)**. The allegation that there are three deficiencies in the 6/21/55 Deed is without merit. (*For example*, the allegation in Paragraphs 13 and 15 of Count Two that the 6/21/55 Deed was not

-2-

Case 3:02-cv-00462-AHN   Document 47   Filed 02/27/2004   Page 3 of 6

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (Member Case)
(United States District Court, at Bridgeport, CT)

•YMCA's Motion for
Summary Judgment

properly acknowledged, as then-required by §7805 of the Connecticut Statutes and as now and similarly required by C.G.S. §47-5(a)(1)-(4), is without any basis.) Second, and separately, Mrs. Tsai has no standing to assert said claim (even if it were, *arguendo*, a meritorious claim).

3. **Count Three (Alleged Breach of Promissory Estoppel).** Plaintiff The Calf Island Community Trust, Inc. (the "Trust") asserts the claim in Count Three, on behalf of its purported *members*, that the YMCA breached its alleged promises to said members to protect (via a purported public use plan for Calves Island by the YMCA) the members' "long established tradition of public access and uses of the Island" (Count Three, Paragraph 14). However, as the YMCA first learned via a 11/4/03 fax from the plaintiffs' Counsel, the Trust's 6/14/01 Certificate of Incorporation (which has not been amended) expressly states, at Paragraph 2A: "The corporation shall *not* have members". (Emphasis supplied). Because Count Three has been filed by the Trust solely in its purported representative capacity, and because there never have been any members of the Trust to whom any promises could have been made by anyone (including the YMCA), thus, Count Three is without merit.

4. **Count Four (Alleged Prescriptive Easement).** Similar to Count Three, Count Four has been filed by the Trust solely in its purported representative capacity on behalf of its alleged members. Because there were never any members who

-3-

Case 3:02-cv-00462-AHN    Document 47    Filed 02/27/2004    Page 4 of 6

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (Member Case)
(United States District Court, at Bridgeport, CT)

•*YMCA's Motion for Summary Judgment*

undertook any prescriptive easement conduct, therefore, Count Four is likewise without merit.

5. **In addition: all Four Counts have been mooted by the 2/13/03 filing of the Condemnation Action**. As a result of the Government's 2/13/03 filing of its Declaration of Taking Act Complaint (40 U.S.C. §258a) with respect to Calves Island, and as a result of the 2/13/03 deposit of $6M with the Clerk of the Court by the Government of the "estimated compensation stated in the [Complaint]", *Ibid.*, thus, all pending claims with regard to said property (*i.e.,* all claims in the State Court Complaint: whether or not there has been a breach of the subject restrictive covenant in the 6/21/55 Deed; whether or not the 6/21/55 Deed was valid; whether there are any pre-Condemnation issues relating to the enforcement of any public access and use rights; and whether or not there are any prescriptive rights) were wholly and immediately extinguished on 2/13/03. *See, e.g.*, A.W. Duckett & Co. v. United States, 266 U.S. 149, 151, 45 S. Ct. 38, 38, 69 L. Ed. 216 (1924) (the "exercise of eminent domain founds a new title and *extinguishes* all previous rights") (Cits. omitted; Emphasis supplied). Thus, pursuant to the application of the "existing case-or-controversy" requirement in Article III, §2, Cl. 1, of the Constitution, the entirety of the plaintiffs' claims in the State Court Complaint became moot on 2/13/03 and therefore should be dismissed.

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (Member Case)
(United States District Court, at Bridgeport, CT)

•*YMCA's Motion for Summary Judgment*

6. **Final Matters**. In support of this Motion, the YMCA is filing herewith: (i) the required Local Rule 56(a)(1) Statement of Material Facts; (ii) a Supporting Affidavit from the YMCA's President; and (iii) a Local Rule 7(a)(1) Memorandum of Law. In addition, the YMCA notes that despite the YMCA's follow-up written requests to the plaintiffs' Counsel in connection with the 10/27/03 Status Conference No. 4, the plaintiffs have nevertheless declined to enter into a Stipulation of Dismissal with Prejudice with respect to the State Court Complaint; and thus, the YMCA is now filing this Motion and the supporting documents.

**WHEREFORE**, the YMCA respectfully requests that the Court grant this Motion and thereby dismiss with prejudice the entirety of the State Court Complaint.

•Dated February 25, 2004 at Greenwich, CT.

**DEFENDANT**
Young Men's Christian Association
of Greenwich, a/k/a

By: *[signature]*
Philip H. Bartels
For: Holland, Kaufmann & Bartels, LLC
Its Attorneys
289 Greenwich Avenue
Greenwich, CT 06830-6595
(203) 869-5600 * (Fax) 869-4648
(Federal Bar No. ct06836)

Case 3:02-cv-00462-AHN   Document 47   Filed 02/27/2004   Page 6 of 6

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (Member Case)
(United States District Court, at Bridgeport, CT)

*YMCA's Motion for
Summary Judgment*

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing shall be mailed this day, postage prepaid, to all formal and informal Counsel of Record on February 25, 2004:

John Hughes, Esq.
Civil Chief
United States Attorneys' Office
Box 1824
New Haven, CT 06508

Joy Ryan, Esq.
United States Department of Justice
Environment and Natural Resources
Division, Land Acquisition Section
P.O. Box 561
Ben Franklin Station
Washington, DC 20044

John Van Allen Murray, Esq.
Diserio Martin O'Connor & Castiglioni, LLP
One Atlantic Street
Stamford, CT 06901

Dorothy Nelson Stookey, Esq.
New England Regional Counsel
The Trust for Public Land (Inc.)
33 Union Street
Boston, MA 02108

Mary E. Sommer, Esq.
Sandak, Friedman, Hennessy & Greco, LLC
970 Summer Street
Stamford, CT 06905

_____
Philip H. Bartels

U:\PHB\PROPERTY\YMCA\Motion for Summary Judgment.2