Ex. 1

Exhibit B

Form 3-1769C

LA-Connecticut
Stewart B. McKinney National Wildlife Refuge
Trust for Public Land, The (22)

UNITED STATES DEPARTMENT OF THE INTERIOR
U.S. FISH AND WILDLIFE SERVICE

## AGREEMENT FOR THE PURCHASE OF LANDS

THIS AGREEMENT, made and entered into this ___ day of ___, 2000, by and between

The Trust for Public Land,

hereinafter styled the vendor, and THE UNITED STATES OF AMERICA, acting by and through the Secretary of the Interior or his authorized representative,

WITNESSETH:

1. In consideration of One Dollar ($1.00) in hand paid by the United States, the receipt of which is hereby acknowledged, the vendor agrees to sell to the United States certain lands upon the terms and conditions hereinafter set forth, and for the price of SIX MILLION FOUR HUNDRED EIGHTY THOUSAND DOLLARS ($6,480,000.00) TOTAL for all of the lands and other interests, which lands shall include all tenements, hereditaments, together with all water and other rights, easements, and appurtenances thereunto belonging, owned by it, situate and lying in Greenwich, Fairfield County, State of Connecticut, containing 28.8 acres, more or less, and are particularly described as follows:

> ALL THAT certain parcel of land situate in the Town of Greenwich, County of Fairfield, and state of Connecticut, commonly known as Calves Island, said parcel being bounded on all sides by the waters of Long Island and more particularly described in Deed Book 538, at Page 93, and recorded in the Land Records Office of Greenwich, Connecticut.

2. The vendor agrees that it has full right, power, and authority to convey, and that it will convey to the United States the fee simple title thereto clear, free and unencumbered, except subject to the following easements or reservations: None, except those of record that are acceptable to the Attorney General of the United States as stated in paragraph 5 below.

3. The vendor further agrees not to do, or suffer others to do, any act by which the value or title to said lands may be diminished or encumbered. It is further agreed that any loss or damage occurring prior to the vesting of satisfactory title in THE UNITED STATES OF AMERICA, by reason of the unauthorized cutting or removal of products therefrom, or because of fire, shall be borne by the vendor; and that, in the event any such loss or damage occurs, the United States may

refuse, without liability, to accept conveyance of said lands, or it may elect to accept conveyance upon an equitable adjustment of the purchase price.

4. The vendor further agrees that during the period covered by this instrument officers and accredited agents of the United States shall have at all proper times the unrestricted right and privilege to enter upon said lands for all lawful purposes, including examination of said lands and the resources upon them.

5. The vendor will execute and deliver upon demand of the proper officials and agents of the United States, and without payment or the tender of the purchase price, a good and sufficient deed of warranty conveying to the United States a safe title to the said lands of such character as to be satisfactory to the Attorney General of the United States, and said deed shall provide that the use, occupation, and operation of the rights-of-way, easements, and reservations retained therein, shall be subordinate to and subject to such rules and regulations as may be prescribed by the Secretary of the Interior governing the use, occupation, protection, and administration of areas under and in compliance with the Act of October 15, 1966 (80 Stat. 926), as amended.

6. In consideration whereof, the United States agrees that it will purchase all of the said lands and other interests at the price of $6,480,000.00 TOTAL, the acreage to be ascertained by a survey to be made at the option and expense of the United States after reasonable notice to the vendor, and according to standard methods and procedures, or by recourse to the records of the Bureau of Land Management, or by both. The United States further reserves the right to amend said total purchase consideration should a final survey, prior to closing, reveal an acreage amount which differs from the herein stated optioned acreage that impacts the approved market value. The United States further agrees that, after the preparation, execution, delivery, and recordation of the deed at no cost to the vendor, and after the Attorney General shall have approved the title thus vested to the United States, it will cause to be paid to the vendor the purchase price by a United States Treasury check or by electronic funds transfer. The expenses of the vendor for recording fees, revenue stamps, transfer taxes, and similar expenses incidental to the conveyance of their property; and any amount paid as a penalty cost for prepayment of any pre-existing recorded mortgage entered into in good faith, encumbering such real property; as well as the pro rata share of prepaid real property taxes allocable to the period subsequent to the vesting of title in the United States, or the effective date of possession of such real property by the same, whichever is earlier; shall be subject to reimbursement as provided in Section 303 of the Act of January 2, 1971, 84 Stat. 1899. Full possession and use of the premises shall pass to the United States as of the date payment is made to the vendor subject only to the reservations stated in section 2 above.

7. It is understood and agreed that if the Secretary of the Interior determines that the title to said lands or any part thereof should be acquired by the United States by judicial proceedings, either to procure a safe title or, when it is in the public interest, to take immediate possession, or for any other reason, then the compensation to be claimed by the owners and the award to be made for said lands in said proceedings shall be upon the basis of the purchase price herein provided.

It is mutually agreed that an abstract, certificate of title, or other evidence of title to the property herein contracted to be sold, satisfactory to the Attorney General, will be obtained by the United States at its expense.

9. It is mutually understood and agreed that this contract shall not be assigned in whole or in part without the consent in writing of the United States.

10. It is further mutually agreed that no Member of or Delegate to Congress, or Resident Commissioner, shall be admitted to any share or part of this contract or agreement, or to any benefit to arise thereupon. Nothing, however, herein contained shall be construed to extend to any incorporated company, where such contract or agreement is made for the general benefit of such incorporation or company.

11. Acquisition is contingent upon the vendor's removal of all personal property from the subject property, including but not limited to all personal items referenced in a letter from The Trust For Public Land to William Kolodnicki, Stewart B. McKinney National Wildlife Refuge Manager, dated September 17, 1999 and attached hereto as exhibit "A". Transportation costs for the removal of said property may be reimbursed as authorized under Public Law 91-646.

12. Acquisition is further contingent upon the Service's receipt of funding in an amount sufficient to acquire the subject property.

13. Prior to the date title vests of record in t he United States, the vendors shall pay all taxes and assessments for the entire fiscal year of the local taxing authority in which the transfer of title occurs, whether or not such taxes and assessments would otherwise constitute a lien on the site. This obligation upon the part of the vendors shall exist whether or not such taxes and assessments are due and payable as of the date title vests of record in the United States.

14. Acceptance of this agreement is contingent upon the results of a Contaminants Study. In the event that contaminants are found present on the site or on adjacent parcels, it will be at the discretion of the Service to either accept the property in the condition it is in, or to request that the vendor assume a responsible role in the removal or restoration of the property prior to a binding contract. If it is determined that the property is contaminated after a Study has been performed, but prior to final payment, the vendors will remain responsible to effect reasonable and satisfactory removal of the contamination.

15. It is mutually understood and agreed that notice of acceptance of this agreement shall be sent to the vendor by certified mail addressed to

        The Trust for Public Land
        % Mr. Tim Northrop
   at  383 Orange Street
        New Haven, Connecticut 06511

and shall be effective upon date of mailing and shall be binding upon the vendor without sending a separate notice to each corporate officer, except as such obligation may be affected by the provisions of paragraph 6 hereof.

16. It is mutually agreed that the United States shall deposit the total land payment into a non-interest bearing escrow account and that the designated Escrow Agent shall disburse the funds at closing on behalf of the vendor.

IN WITNESS WHEREOF, the vendor has hereunto signed and affixed its seal on the day first above written, with the understanding that this agreement for purchase cannot be executed by the Secretary of the Interior or his authorized representative until after it is reported to him for his consideration, and therefore the vendor for and in consideration of the $1.00 herein above acknowledged as received, has and does hereby grant unto THE UNITED STATES OF AMERICA by and through the Secretary of the Interior or his authorized representative, or any other officer or agency of the United States authorized to purchase said lands, the option and right to enter into this Agreement for Purchase within 12 months from the execution thereof by the vendor, and to purchase said lands as herein provided.

In the presence of:                              The Trust for Public Land

_____     By _____ (L.S.)
         (Witness)                              (Title) _____
    Elizabeth Bromberg

The Secretary of the Interior, acting by and through his authorized representative, has executed this agreement on behalf of THE UNITED STATES OF AMERICA on this _____ day of _____, 2000.

                                                 THE UNITED STATES OF AMERICA

NOTE: SEE ATTACHED                    By _____
"AMENDMENT OF THE
AGREEMENT FOR THE                     (Title) _____
PURCHASE OF LANDS"                              U.S. Fish and Wildlife Service
DATED SEPTEMBER 26, 2000

FRENCH
9-26-00

LA - Connecticut
Stewart B. McKinney NWR
Trust for Public Land, The (22)

# AMENDMENT TO THE AGREEMENT FOR THE PURCHASE OF LANDS

THIS AGREEMENT is an amendment to an Agreement for the Purchase of Lands entered into on July 26, 2000 by The Trust for Public Land, a not for profit corporation with an address of 383 Orange Street, New Haven, Connecticut 06511, and the UNITED STATES OF AMERICA and assigns, Washington D. C. Prior to its expiration, the agreement was extended for a period of six months from the date of July 26, 2001.

The parties do agree that the aforementioned Agreement for the Purchase of Lands is extended for another period of sixty days from the date of January 26, 2002.

IN WITNESS WHEREOF: the grantor has hereunto signed it's name this 18th day of January, 2002.

In the presence of:                     The Trust for Public Land

_____              By _____
                                        Dorothy Nelson Stookey, Regional Counsel

## ACKNOWLEDGMENT

STATE OF MASSACHUSETTS    }
                          } ss: Boston
COUNTY OF SUFFOLK         }

On this 18th. day of January, 2002, before me personally appeared Dorothy Nelson Stookey, known to me to be the Regional Counsel of the Trust for Public Land, and who executed the within instrument, and acknowledged to me that she executed the same, on behalf of the Trust for Public Land.

My Commission expires: July 26, 2007
[SEAL]

_____
Notary Public  Brenda M. Ferreira

Suffolk County, Massachusetts


The Secretary of the Interior, acting by and through his authorized representative, has executed this agreement on behalf of THE UNITED STATES OF AMERICA on this _____ day of _____, 2002.

THE UNITED STATES OF AMERICA

By _____

(Title) _____
         U.S. Fish and Wildlife Service