UNITED STATES DICTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CALF ISLAND COMMUNITY<br>TRUST, INC., and MARLYN TSAI<br>    Plaintiffs<br><br>v.<br><br>YOUNG MEN'S CHRISTIAN ASSOCIATION<br>OF GREENWICH, a/k/a YMCA OF GREENWICH,<br>THE TRUST FOR PUBLIC LAND, d/b/a, THE TRUST<br>FOR PUBLIC LAND INC.<br>    Defendants | Civil No. 3:02CV462 (AHN)<br>(Master Case/ALL CASES) |
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br><br>28.8 ACRES OF LAND, MORE OR LESS,<br>LOCATED OFF THE COAST OF<br>GREENWICH, SITUATED IN THE COUNTY<br>OF FAIRFIELD, STATE OF CONNECTICUT,<br>YOUNG MEN'S CHRISTIAN ASSOCIATION<br>OF GREENWICH, CONNECTICUT (YMCA),<br>AND UNKNOWN OWNERS, ET. AL.,<br>    Defendants. | Civil No.3-03-CV-275(AHN)<br><br><br><br><br><br><br><br>May 5, 2004 |

**OPPOSITION TO DEFENDANT YMCA'S MOTION
FOR SUMMARY JUDGMENT and
CROSS-MOTION TO STRIKE DEFENDANT YMCA'S ANSWER AND
AFFIRMATIVE DEFENSES**

Subject Pleadings:
    (1) Defendant YMCA's 2/25/04 Answer to the 2/13/02 Complaint filed in the above-
        captioned Master Case by the Calf Island Community Trust, Inc. and Marlyn Tsai; and
    (2) Defendant YMCA's 2/25/04 Motion for Summary Judgment

---

    The Calf Island Community Trust, Inc. and Marlyn Tsai, by their counsel, John V.A.

Murray, Of Counsel, Diserio Martin O'Connor & Castiglioni LLP, oppose Defendant YMCA's

motion for summary judgment and cross move to strike the Answer and Affirmative Defenses of Defendant YMCA for the reasons set forth below.

Summary of Opposition to Motion for Summary Judgment

1. Defendant YMCA's motion for summary judgment is in clear violation of this Court's March 14, 2002 Order on Pre-Trial Deadlines and with the Standing Order on Scheduling in Civil Cases of the Local Rules of Civil Procedure for the District Court of Connecticut.

Summary of Argument in Support of Cross-Motion

2. Defendant's Answer and Affirmative Defenses are untimely and must be stricken.

## STATEMENT OF FACTS

Plaintiffs' Complaint was filed in the Connecticut Superior Court for the Judicial District of Stamford/Norwalk ("State Action") on February 13, 2002. On March 12, 2002, Defendant YMCA filed a Notice of Removal pursuant to 28 U.S.C. §§1346(f), 1441, 1446 and 2409a, asserting that the United States had an interest in said real property which was the subject of the State Action. The action was assigned Case No. CV-02-0188354S. Plaintiffs filed a motion for remand dated April 9, 2002. Defendant YMCA opposed the motion. On March 3, 2003, Defendant YMCA moved to consolidate the two above-captioned proceedings. On March 31, 2003, this Court denied Plaintiffs' motion for remand and granted Defendant YMCA's motion to consolidate.

As is evident, Defendant YMCA waited a little more than *two years* after the case was commenced and just short of two years after the case was removed from Superior Court by Defendants, to bring its motion for summary judgment. The Local Civil Rules of the United States District Court for the District of Connecticut (Order on Pretrial Deadlines), as well as the specific Order On Pretrial Deadlines issued for this case on March 14, 2002, state, *inter alia*, that

"(e) all motions for summary judgment shall be filed within seven (7) months after the filing of the complaint or a petition for removal, or the date of transfer from another District."

Here, the Complaint was filed on February 13, 2002 and the Petition for Removal was filed on March 12, 2002. Pursuant to the Pretrial Deadline set by the District Court generally, and the specific March 14, 2002 Order on Pretrial Deadlines by the Clerk of the Court with respect to this case, Defendant YMCA is not entitled to the relief it has requested.

Furthermore, the Court's March 14, 2002 Order On Pretrial Deadlines also requires, pursuant to subdivision (2), that "Before any party file a motion to dismiss or a motion for summary judment or partial summary judgment, that party shall contact both opposing counsel and the court to schedule a pre-motion conference…Rule 9(c) statements should not be filed prior to this conference…no motions to dismiss or for summary judgment will be entertained unless such a pre-motion conference has been held." This section of the Order is bolded and underlined. The referenced Order is annexed hereto as <u>Exhibit 1</u>.

It is respectfully submitted that Counsel is entitled to rely on the Court's Pretrial Deadlines and Standing Orders and has therefore not prepared a Local Rule 9 (c)(2) Statement. If, in its discretion, this Honorable Court elects to entertain Defendant's untimely motion on the merits, Plaintiffs respectfully request three weeks from the date of service upon Plaintiffs of its Order to that effect to serve and file their opposition to Defendant's Motion for Summary Judgment and their Local Rule 9(c)(2) Statement.

<u>Plaintiffs' Cross-Motion</u>

Here again, Plaintiffs rely upon the fact that their Complaint was served and filed over *two years* ago and that Defendant YMCA (no doubt busy with the machinations detailed in Exhibit 2) waited until February 25, 2004 to file its Answer and Affirmative Defenses. It is

3

respectfully submitted that, under any standard whatever, this is simply too late. (FRCP Rule 12[a][1][A] requires an answer within 20 <u>days</u> of service of the Complaint, a period which, even if measured from this Court's denial of the motion for remand, renders Defendant's Answer more than a year late.)

WHEREFORE, Plaintiffs respectfully request that this Court (i) deny Defendant's untimely Motion for Summary Judgment and (ii) strike its belated Answer, or in the alternative, if said Motion is entertained and belated Answer accepted, permit Plaintiffs additional time to respond to said motion, and for such other and further relief as this Court shall deem just.

Respectfully submitted,

DATED: May 5, 2004

The Calf Island Community Trust, Inc.
and Marlyn Tsai

By_____
John V. A. Murray/ct06756
Their Attorney
Of Counsel
DISERIO MARTIN O'CONNOR &
    CASTIGLIONI, LLP
One Atlantic Street
Stamford, CT 06901
(203) 358-0800
Telefax (203) 348-2321

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the within opposition of Plaintiffs (The Calf Island Community Trust, Inc. and Marlyn Tsai) to Defendant YMCA's Motion for Summary Judgment and Cross-Motion to strike Defendant YMCA's Answer and Affirmative Defenses has been mailed, postage paid this 5th day of May, 2004, to:

John Hughes, Civil Chief
United States Attorney
157 Church Street
New Haven, Ct. 06510

Joy Ryan, Trial Attorney
United States Department of Justice
Environmental and Natural Resources Division
Land Acquisition Section
P.O. Box 561, Ben Franklin Station
Washington, DC 20044

Philip H. Bartels, Esq.
Holland Kaufmann & Bartels, LLC
289 Greenwich Avenue
Greenwich, CT 06830

Jay H. Sandak, Esq.
Sandak, Friedman, Hennessy & Greco, LLP
970 Summer Street
Stamford, CT 06905

Dorothy Nelson Stookey, Esq.
New England Regional Counsel
The Trust for Public Land (Inc.)
33 Union Street
Boston, MA 02108

Mary E. Sommer, Esq.
Sandak, Friedman, Hennessy & Greco, LLP
970 Summer Street
Stamford, CT 06905

By_____
John V. A. Murray/ct06756
Of Counsel
DISERIO MARTIN O'CONNOR &
CASTIGLIONI, LLP
One Atlantic Street
Stamford, CT 06901
(203) 358-0800
Telefax (203) 348-2321