UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(at Bridgeport)

| | |
|---|---|
| THE CALF ISLAND COMMUNITY TRUST, INC., and MARLYN TSAI <br><br> v. <br><br> YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, a/k/a, YMCA OF GREENWICH, THE TRUST FOR PUBLIC LAND, d/b/a, THE TRUST FOR PUBLIC LAND (INC.) | CIVIL NO. 3-02-CV-462 (AHN) |
| UNITED STATES OF AMERICA <br><br> v. <br><br> 28.8 ACRES OF LAND, MORE OR LESS, LOCATED OFF THE COAST OF GREENWICH, SITUATED IN THE COUNTY OF FAIRFIELD, STATE OF CONNECTICUT, YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, CONNECTICUT (YMCA), AND UNKNOWN OWNERS, ET AL. | CIVIL NO. 3-03-CV-275 (AHN) <br><br><br><br><br><br><br><br> June 10, 2004 |

**DEFENDANT YMCA'S REPLY MEMORANDUM OF LAW**

*Subject Pleadings:* Opposition Memorandum of Law, and Cross-Motion to Strike the YMCA's Answer and Affirmative Defenses (in the Master Case, or the "State Court" Action), dated 5/5/04

---

In connection with its Motion for Summary Judgment (in the Master Case, or the "State Court" Action), dated 2/25/04 (the "2/25/04 Motion"), defendant **Young Men's Christian Association of Greenwich, Connecticut ("YMCA")** hereby files this Reply Memorandum of Law. More particularly, the YMCA hereby addresses the 5/5/04 Opposition Brief, and also the 5/5/04 Cross-Motion to Strike the YMCA's 2/25/04 Answer and Affirmative Defenses (collectively, the "2/25/04 Answer"), that

Case 3:02-cv-00462-AHN   Document 62   Filed 06/15/2004   Page 2 of 8

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*                    • YMCA's 6/10/04
*(United States District Court, at Bridgeport, CT)*              Reply Memo of Law

were filed as a single document on 5/5/04 by the plaintiffs, The Calf Island Community Trust, Inc. (the "Trust") and Marlyn Tsai ("Tsai") (collectively, the "Plaintiffs"). More specifically:

A. **THE RELEVANT FACTS**.

After the Plaintiffs' 4/9/02 Motion to Remand in the State Court Action was decided by the Court on 3/31/03, the Court promptly commenced to hold four special Status Conferences (the "2003 Conferences"), which were held on 4/24/03, 6/26/03, 7/16/03 and 10/27/03, and at each of which Counsel for the Government, the Plaintiffs, The Trust for Public Land (Inc.) (except for 6/26/03) and the YMCA were present. In addition, at the Court's suggestion, a Summit Conference was held on 6/5/03 among all Counsel and the clients in Greenwich. At the 6/5/03 Conference, the Refuge Manager of the United States Fish and Wildlife Service (the "FWS") Stewart B. McKinney Wildlife Refuge (the "Refuge"), William Kolodnicki, discussed at length with the Trust's senior officials and with the Plaintiffs' Counsel of Record the Refuge's general policies and also the Calves Island– specific FWS management procedures and protocols.

At the final session of the 2003 Conferences on 10/27/03: (i) the Court suggested to Counsel for the Plaintiffs and the YMCA to undertake a final effort to resolve the State Court Action between said parties; (ii) Counsel for said parties agreed to undertake such final efforts; and (iii) Counsel for the Government and the YMCA stated that, if such final settlement efforts were to be unsuccessful, they would then

-2-

*No. 3-02-CV-462 (AHN) (<u>Master Docket</u>)*
*No. 3-03-CV-275 (AHN) (Member Case)*                             • *YMCA's 6/10/04*
*(United States District Court, at Bridgeport, CT)*                *Reply Memo of Law*

be filing respective motions for summary judgment in the two cases, and they generally stated the basis for their respective motions. Counsel for the Plaintiffs did not disagree at the 10/27/03 Conference with the foregoing proposed course of action; and, in fact, the Plaintiffs' Counsel did proceed forward and had numerous phone calls and exchanged correspondence with the YMCA's Counsel between 11/10/03 and 12/11/03 in a good faith effort to resolve the State Court Action.

When it became apparent that a resolution could not be achieved by the end of said month-long exchange, then, the undersigned Counsel for the YMCA sent a 12/11/03 fax to the Plaintiffs' Counsel and stated that the YMCA then would proceed forward and file in early 2004 its Motion for Summary Judgment. Critically, neither at the 10/27/03 Status Conference, nor at any time during the time period of the 11/10/03– 12/11/03 letters and phone calls, did the Counsel for the Plaintiffs ever object to the course of action that was expressly– stated to the Court at the 10/27/03 Conference that, if the post– 10/27/03 settlement discussions between the Plaintiffs and the YMCA were to prove to be unsuccessful, the YMCA and the Government would then file their respective motions for summary judgment, which they each did on 2/25/04.

B.     **THE PLAINTIFFS' OPPOSITION TO THE 2/25/04 MOTION.**

    1.     **The Plaintiffs' Assertion**. The Plaintiffs assert (5/5/04 Brief, pp. 2-3) that the 2/25/04 Motion was not filed in accordance with the District Court's Standing Order on Pretrial Deadlines (rev. 12/00) (the "Standing Order").

No. 3-02-CV-462 (AHN) (*Master Docket*)
No. 3-03-CV-275 (AHN) (*Member Case*)
(United States District Court, at Bridgeport, CT)

• YMCA's 6/10/04
Reply Memo of Law

2. **The Plaintiffs' Assertion is without merit**. As discussed above in Section A, the 2/25/04 Motions for Summary Judgment by the Government and the YMCA were duly discussed among all Counsel and the Court at the 10/27/03 Status Conference with respect to each of the requirements of the Standing Order. Thus, it is without merit for the Plaintiffs now to assert that the Standing Order was not complied with by the YMCA with respect to the 2/25/04 Motion. (Also, if the Plaintiffs did believe their assertion of non– compliance were meritorious, they would have set forth the same assertion in their 5/5/04 Opposition Brief to the Government's 2/25/04 Motion for Partial Summary Judgment, which they did not.)

C. **THE PLAINTIFFS' CROSS–MOTION TO STRIKE THE 2/25/04 ANSWER**.

1. **The Plaintiffs' Assertion**. The Plaintiffs assert (5/5/04 Brief, pp. 3-4) that the 2/25/04 Answer was tardily filed in response to their 2/13/02 State Court Complaint and thus should be stricken.

2. **The Plaintiffs' Use herein of a Motion to Strike is Improper**. Pursuant to FRCP 12(f), a motion to strike is limited to: (i) striking only portions of a pleading, not the entirety thereof; and (ii) removing only "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter". *Ibid*. Against this backdrop, the Plaintiffs' 5/5/04 Cross-Motion to Strike is improper for two reasons: (i) they are trying to use it to strike, not a portion of the 2/25/04 Answer, but the entirety thereof; and (ii) more importantly, they make no claim that there is, in the 2/25/04 Answer, "any insufficient defense" or any "redundant … matter", *Ibid*. (Ellipses added). Thus, the

Case 3:02-cv-00462-AHN   Document 62   Filed 06/15/2004   Page 5 of 8

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*                              • YMCA's 6/10/04
*(United States District Court, at Bridgeport, CT)*                Reply Memo of Law

5/5/04 Cross-Motion to Strike is improper.

3. **The Plaintiffs' Assertion that the 2/25/04 Answer is an impermissibly late filing is without merit.**

(a) *First:* **Responsive Pleadings are not filed during the pendency of a Motion to Remand**. It is axiomatic that while a motion to remand a removed case is pending, there would be no further responsive pleadings filed (in contrast to the filings relating to a motion to remand that are permitted, such as opposition memoranda, jurisdictional affidavits and so forth). The rationale, of course, is that the responsive pleading practice in state court is substantially different from that in the United States District Courts. Therefore, until the motion to remand has been decided, the party who needs to file the next responsive pleading would not know which is the forum, state or federal, in which he needs to file the next pleading, and thus such party must necessarily wait until he definitively knows in which forum the case will proceed forward and thus which set of pleading practice rules is then to be followed.

Moreover, via their conduct herein, the Plaintiffs have themselves confirmed the full applicability of the foregoing principle. First, during the 4/9/02– 3/31/03 pendency of the 4/9/02 Motion to Remand, they never asserted that an answer to the 2/13/02 State Court Complaint was due, nor did they file against the YMCA a FRCP 55(a) motion for default for any purported failure to plead. Furthermore, once the 4/9/02 Motion to Remand was denied on 3/31/03, the Plaintiffs: (i) never asserted at the 2003 Conferences that the YMCA was overdue in filing an answer; and (ii) did not file a FRCP 55(a) motion at any time after the 3/31/03 Order (including up through the

Case 3:02-cv-00462-AHN   Document 62   Filed 06/15/2004   Page 6 of 8

No. 3-02-CV-462 (AHN) (*Master Docket*)
No. 3-03-CV-275 (AHN) (*Member Case*)                    • YMCA's 6/10/04
(United States District Court, at Bridgeport, CT)          Reply Memo of Law

date of this Reply Memorandum).

In conclusion, the YMCA properly waited until after the 4/9/02 Motion to Remand was decided, and also until after the parties had reasonably concluded that the 2003 Conferences and the 11/10/03–12/11/03 calls and correspondence were unsuccessful in settling the State Court Action, that then an answer was to be filed by the YMCA. Accordingly, the YMCA then did file its Answer.

>   (b)     ***Second:* the 5/5/04 Cross–Motion to Strike is Moot**. Simply stated,

once an answer has been filed and no FRCP 55(a) motion for default is then–pending, any procedural objection to the filing of the answer (in contrast to any substantive objection to the answer's contents) is necessarily moot. This result is confirmed by the path that is now being inferentially suggested by the Plaintiffs in their 5/5/04 Cross–Motion: (i) if the 5/5/04 Cross–Motion were to be granted, the 2/25/04 Answer would be erased/deleted; (ii) the YMCA would then file in 20 days the same answer (because the 2/25/04 Answer was deleted for procedural, not substantive, reasons); and (iii) with the same YMCA answer re–filed and only re–dated, the only thing that was accomplished would have been an unnecessary delay in these proceedings and unnecessary attorneys' fees incurred by the YMCA. The law obviously would not require such a superfluous, post–2/25/04 scenario to be undertaken by the YMCA.

Moreover, as noted in the preceding paragraph, the Plaintiffs make no claim in

Case 3:02-cv-00462-AHN    Document 62    Filed 06/15/2004    Page 7 of 8

No. 3-02-CV-462 (AHN) (<u>Master Docket</u>)
No. 3-03-CV-275 (AHN) (Member Case)                                • YMCA's 6/10/04
(United States District Court, at Bridgeport, CT)                    Reply Memo of Law

the 5/5/04 Cross–Motion that the 2/25/04 Answer: (i) is substantively an "insufficient" denial of the allegations in the 2/13/02 State Court Complaint; or (ii) contains "any redundant, immaterial, impertinent, or scandalous matter". FRCP 12(f). And, as a final matter, the Plaintiffs critically fail to assert that they have in any manner been prejudiced by the fact that the 2/25/04 Answer had not been filed prior to that date, including the absence of any claim by them that they are somehow unable to respond to the 2/25/04 Motion because of the fact that the 2/25/04 Answer was not filed prior to the 2/25/04 Motion. Indeed, FRCP 56 does not even require the pleadings to be closed before a motion for summary judgment can be filed. In sum, there is no merit to the Plaintiffs' assertion that the 2/25/04 Answer should be stricken.

**WHEREFORE**, the YMCA respectfully requests that the 2/25/04 Motion be granted, and that the 5/5/04 Cross–Motion to Strike be denied.

• Dated June 10, 2004 at Greenwich, CT.

**DEFENDANT**
Young Men's Christian Association
of Greenwich, Connecticut (YMCA), *a/k/a*

By: _____
Philip H. Bartels
For: HOLLAND, KAUFMANN & BARTELS, LLC
Its Attorneys
289 Greenwich Avenue
Greenwich, CT 06830-6595
(203) 869-5600 * (Fax) 869-4648
(Federal Bar No. ct06836)

*No. 3-02-CV-462 (AHN) (<u>Master Docket</u>)*
*No. 3-03-CV-275 (AHN) (Member Case)*  •  YMCA's 6/10/04
*(United States District Court, at Bridgeport, CT)*  Reply Memo of Law

# **<u>CERTIFICATION</u>**

     THIS IS TO CERTIFY that a copy of the foregoing shall be mailed this day, postage prepaid, to all formal and informal Counsel of Record on June 10, 2004:

| | |
|---|---|
| John Hughes, Esq.<br>Civil Chief<br>United States Attorneys' Office<br>Box 1824<br>New Haven, CT 06508 | Joy Ryan, Esq.<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Land Acquisition Section<br>P.O. Box 561<br>Ben Franklin Station<br>Washington, DC 20044 |
| Dorothy Nelson Stookey, Esq.<br>New England Regional Counsel<br>The Trust for Public Land (Inc.)<br>33 Union Street<br>Boston, MA 02108 | John Van Allen Murray, Esq.<br>Diserio Martin O'Connor & Castiglioni, LLP<br>One Atlantic Street<br>Stamford, CT 06901 |
| Mary E. Sommer, Esq.<br>Sandak, Hennessy & Greco, LLC<br>970 Summer Street<br>Stamford, CT 06905 | |

 

                                                                _____
                                                                Philip H. Bartels

A:\Reply Memorandum of Law.wpd