UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CALF ISLAND COMMUNITY TRUST, INC., and MARILYN TSAI | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | CIVIL NO. 3:02CV462(AHN) (master) |
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, a/k/a YMCA OF Greenwich, THE TRUST FOR PUBLIC LAND, d/b/a,THE TRUST FOR PUBLIC LAND INC. | ) ) ) ) ) ) | |
| Defendants | | |
| | | |
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL NO. 3:03CV275(AHN) |
| 28.8 ACRES OF LAND, MORE OR LESS LOCATED OFF THE COAST OF GREENWICH, SITUATED IN THE COUNTY OF FAIRFIELD, STATE OF CONNECTICUT, YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, CONNECTICUT AND | ) ) ) ) ) ) ) ) | |
| UNKNOWN OWNERS, ET AL., | ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

1

The plaintiff, United States of America, submits the following Reply to the Opposition of defendants Calf Island Community Trust ("Trust") and Marlyn Tsai ("Tsai") to plaintiff's Motion for Partial Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c).

## I. INTRODUCTION

The Trust and Tsai's Opposition to Plaintiff's Motion for Partial Judgment on the Pleadings, in essence, presents two arguments. The first is that the United States has no authority to condemn the subject property, because the "Bargain Sale Option Agreement" (See Complaint in Condemnation, Exhibit A) is invalid and, therefore, the government has no support for the amount deposited as estimated just compensation under 40 U.S.C. § 3114, The Declaration of Taking Act. (Opposition, pp. 4-16: "Statement of Facts" and parts A, B, and C; pp. 25-26: part F). They contend that the estimated just compensation is too high.[1] They suggest, but do not specifically articulate, that there were improprieties in the setting of the estimated just compensation. There is disagreement among circuits as to whether a claim of bad faith on the part of the government in setting the amount of estimated just compensation might serve as a basis to open the amount for review. While allegations of bad faith may be defendants' only possible argument their admission that plaintiff acted in good faith absolutely defeats this argument. They state, "Defendants Trust and Tsai verily believe [that all the government officials] acted in good faith ...." (Opposition, p. 14, lines 2-3). Furthermore, their argument fails, because they have a basic misunderstanding of the nature of estimated just compensation in

---

[1] They base this contention on an allegation that the property had been on the market and did not sell. They have not proffered an appraisal. There can be many reasons for a failure of a property to sell, *i.e.*, not marketed aggressively, limited market for the type of property, marketability of title, to name a few.

condemnation practice and procedure and because they mistakenly regard the function of the Option Agreement as the basis for the amount of estimated just compensation. These will be discussed in detail in section II below.

The second argument consists of challenging the agency's compliance with the Congressional delegation of eminent domain authority and with various policies and programs that are collateral to the condemnation procedure. (Opposition, pp. 16-25, parts D and E). Plaintiff previously addressed these arguments in its Memorandum In Support of Motion for Judgment on the Pleadings ("Memorandum") in sections B.1 and B.4 through 7 and those arguments are incorporated herein. In summary, plaintiff's response is that Congress delegated the authority to take property for the stated wildlife refuge public purpose, the agency has discretion to make those decisions, and regardless of the actions of non-governmental entities and individuals, the agency made its own decision in consideration of the general public benefit. Only a showing that the governmental decision is impossible or is not rationally related to a conceivable public purpose would overcome such agency discretion.

## II. ESTIMATED JUST COMPENSATION

It is well established that a challenge to the amount of estimated just compensation is not a defense to the taking. In *United States v. Cobb*, 328 F.2d 115 (9th Cir. 1964), the court, in rejecting a challenge on the grounds that the estimated just compensation was inadequate, said, "...when a declaration of taking is filed and deposit is made, title vests in the United States and the district court is powerless to dismiss the proceedings." 328 F.2d at 116. The agency has been delegated the authority under 40 U.S.C. § 3114 to make the estimate of just compensation, and "inquiry into the sufficiency of a deposit is not permissible." *Id. See also United States v. Miller*,

317 U.S. 369, 384 (1943) (estimated just compensation is intended as a provisional and not a final settlement with the owner); *Evans v. United States*, 326 F.2d 827, 829 (8th Cir. 1964) (the estimate of just compensation is not evidence of value); *United States v. 2,187.43 Acres in St. Francis County, Arkansas*, 461 F.2d 938, 940 (8th Cir. 1972) (estimate of just compensation does not establish a minimum for an award). Thus, estimated just compensation is nothing more than an estimate and its only function is to allow the landowner temporary payment at the time that the government takes title under § 3114. *Miller*, 317 U.S. at 380-381.

On the other hand, the term "just compensation" denotes a totally different concept in federal condemnation law. It is the amount determined by the Court, not the agency, to be the actual compensation to be paid for the interests taken after a hearing or trial under Rule 71A(h). It is determined after the agency has taken possession, after all objections and defenses have been decided, and after there is a determination of ownership of the taken property.[2] It is not an estimate, and the estimated just compensation has no relationship to the award of just compensation. Estimated just compensation is not admissible in evidence to prove the value of the property. *United States v. 2,187.43 Acres*, 461 F.2d at 940. *See also United States v. Two Tracts of Land in Brookhaven, NY*, 412 F.2d 347, 350 (2d Cir. 1969) (Appraisals on which estimated just compensation are based are not admissible at trial on just compensation, because "amounts paid into court would often reflect appraisals previously obtained, ... and if policy forbids admission of the result, it likewise forbids admission of the source.").

---

[2] The customary procedure is for the court to determined which parties are entitled to participate in the award of just compensation before proceeding to trial. *United States v. Atomic Fuel Coal Co.*, 383 F.2d 1, 3 (4th Cir. 1967). The Trust has yet to provide this Court with any evidence that it holds a compensable interest in the subject property. If it does not, it has no standing to challenge the taking or to participate in the trial on just compensation.

The Trust and Tsai state, on page 25 of their Opposition, that the government must insure that the compensation paid for the taking accords with fair market value. They cite *United States v. Certain Parcels of Land in Warren County*, 90 F.Supp. 27 (W.D.Va. 1949), *United States v. Certain Lands Located in Town of Hempstead, Nassau County, NY*, 43 F.Supp. 418 (E.D.N.Y. 1939), and *Bowie Lumber v. United States*, 155 F.2d 225 (C.C.A. 1946). None of these cases address the amount of estimated just compensation. They are concerned only with the determination of just compensation. Defendants' cases are not on point.

The next question is whether the court has jurisdiction to overrule the agency and vacate a declaration of taking upon an assertion that the deposit is too small, or, in this unique situation, too large. The Fifth and Ninth Circuits have reversed district courts where declarations of taking were vacated because of inadequate estimated just compensation, even though there was a finding of government bad faith. *See In re United States of America Praying for a Writ of Mandamus,* 257 F.2d 844 (5th Cir.1958); *United States v. Cobb,* 328 F.2d 115 (9th Cir.1964); *United States v. Certain Land in Detroit, Michigan*, 43 F.Supp.2d 762 (E.D.Mich. 1999). To be sure, there have been cases in which courts have considered whether estimated just compensation was adequate. There is precedent, primarily in dicta, for vacating a declaration of taking <u>only</u> where the court finds that the government's estimate was made in bad faith. Although the court in *United States v. 44.00 Acres of Land in Town of Greece, Monroe County, NY*, 234 F.2d 410, 415 (2d Cir. 1956), assumed *arguendo* that a court could vacate a Declaration of Taking, it found it could do so only where the estimate of the value of the condemned property is made by the government in bad faith. *See also United States v. Certain Parcels of Land in Philadelphia*, 215

F.2d 140 (3rd Cir. 1954) ("a court will not ordinarily review the amount of estimated just compensation deposited in the absence of bad faith").

Even if this court adopts the view that review of estimated just compensation is available, defendants cannot establish the necessary bad faith.  First, they have admitted there is none, and second, their argumentative statement of facts does nothing more than make sweeping unsupported allegations of misdeeds by non-government entities.  The Eastern District of Michigan articulated the standard:

> To allege bad faith a party must charge facts rather than conclusions, and such facts must suggest actual malevolence by the officer towards the complaining party.  Nor is it for the courts to consider broadside allegations that the purported public use to be served is merely a pretense or a sham to cover arbitrary official conduct "....  Only in cases of egregious bad faith will the right to condemn be denied."  [citations omitted]

43 F.Supp.2d at 775.  In the case at bar, defendants attack third parties (i.e. the YMCA and the Trust for Public Land) and complain about their alleged attempts to influence the agency decisions, but offer no credible evidence that the agency acted in egregious bad faith.  The Michigan case also addressed bad faith allegations against third parties and found that they did not support a challenge to the taking.

The factual arguments made by the Trust and Tsai in their Statement of Facts focus on the validity of the Option Agreement.  They infer that, because the Agreement was included in the filing with the Complaint in Condemnation, it serves as the basis for the amount of estimated just compensation.  The reason for attaching the Option Agreement and the Agreement for the Purchase of Lands as exhibits to the Complaint was to establish a basis for enforcement of the stated amount as just compensation as between the YMCA and the United States.   The Declaration of Taking Act requires only "a statement of the amount" of estimated compensation.

There is no requirement for providing the basis for the amount. It is a matter left to the discretion of the agency, and no further inquiry is necessary. The validity of the Agreement has no bearing on the authority to condemn.[3] The Trust and Tsai are not parties to that agreement, and its validity is of no concern to them. The tedious discussion in the Opposition (pages 6- 12) concerning the dates of execution of the various agreements and amendments is not worthy of reply since those documents do not serve as a basis for the Declaration of Taking.

Since the Trust and Tsai have admitted that the government officials did not act in bad faith, their objections based on the amount of estimated just compensation should be denied.

### III. AUTHORITY OF AGENCY

The Trust and Tsai argue that the agency must comply with the "means of executing the project" if it is to exercise Congress' delegation of the authority to take property for a public use. (Opposition, pp. 16-21) By this they appear to refer to compliance with such regulatory statutes as the National Environmental Policy Act and the internal policies of the agency. Plaintiff addressed this in its Memorandum beginning on page 6. Defendants cite no cases and present no new arguments not included in the original Answer. The remedies under these collateral statutes and policy manual are found elsewhere. The remedy is not an objection to the taking. Defendants seek to have the condemnation overturned based on "the equities." However, the equities here favor the public use and stewardship of this island for the benefit and use of everyone, not just a wealthy and very vocal few who have a personal agenda.

---

[3] The Trust and Tsai suggest that they should be given the opportunity to do discovery on the background of the Option Agreement, presumably against the YMCA and the Trust for Public Lands, which is not a party to the condemnation case. Since the validity of the Agreement is not a proper consideration in reviewing the objections or defenses to the taking under Fed.R.Civ.Proc. 71A(e), discovery would be an absurd waste of time.

Much of defendants' argument in this section of their Opposition consists of allegation of third parties' influence on the government officials. There is, however, no proof that the actions of YMCA counsel or others inappropriately influenced the government decisions. Even so, it is not an inquiry that is accepted as a basis for a taking objection. *See United States v. Certain Land in Detroit, Michigan*, 43 F.Supp.2d at 775-776.

Defendants, in their Opposition on pages 22-23, present a discussion of cases in which courts have gone beyond the issue of whether Congress authorized the public use. They cite *Berman v. Parker*, 348 U.S. 26 (1954). The case speaks for itself regarding the deference to agency decisions in delegations of authority from Congress. The only other case they cite is *United States ex rel. TVA v. Three Tracts of land containing a Total of 1,174 Acres in Jackson County, Alabama*, 377 F.Supp. 631 (N.D.Ala. 1974), which characterizes the judicial role as recognizing a "strong presumption" favoring the legislatively delegated decision. The court in *1,174 Acres* cites *United States ex rel. TVA v. Welch*, 327 U.S. 546 (1946), which stated, "... this Court has said that when Congress has spoken on this subject its decision is entitled to deference until it is shown to involve an impossibility." *Id.* at 552. Thus the court in *1,174 Acres* reviewed only the question of whether the statutes authorized the taking of property for the particular purpose that TVA recited, and it found that they did. Defendants cite no cases that have reviewed and reversed a congressionally delegated agency decision for any reason. The standard for reviewing the agency decision is rigorous. Under *Welch* the decision must be shown to be impossible. Under *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 241 (1984), the taking need only be "rationally related to a conceivable public purpose...." Therefore, defendants have provided this Court with nothing to support the action they are asking the Court to take. The

Congressional authority for the taking of Calves Island as set forth and discussed in Plaintiff's Memorandum at pages     is well established and clear and the agency has fully complied with the public purpose of that authority – to preserve the wildlife refuge.

## IV. CONCLUSION

Even if this Court were to adopt the position of some jurisdictions that estimated just compensation is subject to review, it should do so only upon well supported allegations of bad faith on the part of the government, not third parties. The Court should reject the objections to the taking presented by the Trust and Marilyn Tsai, because they have admitted that the government officials did not act in bad faith in setting the amount of estimated just compensation. The Fish and Wildlife Service has the delegated authority to exercise its power of eminent domain, it has complied with the Declaration of Taking Act, and its decision should not be set aside.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


JOHN HUGHES, CIVIL CHIEF
Federal Bar No. ct05289
P.O. Box 1824
New Haven, CT  06508
(203) 821-3700
john.hughes@usdoj.gov


JOY RYAN, TRIAL ATTORNEY
United States Department of Justice
P.O. Box 561, Ben Franklin Station
Washington, D.C.  20044
(202) 305-0298

CERTIFICATION

This is to certify that a copy of the within and foregoing Plaintiff's Reply Memorandum has been mailed, postage prepaid, this      day of June, 2004 to:

John Van Allen Murray, Esq.
Diserio Martin O'Connor &
    Castiglioni, LLP
One Atlantic Street
Stamford, Ct 06901

Mary E. Sommer, Esq.
Sandak, Hennessy & Greco, LLC
970 Summer Street
Stamford, CT 06905

Joy Ryan, Esq.
United States Department of Justice
Environment & Natural Resources Division
Land Acquisition Section
P.O. Box 561
Ben Franklin Station
Washington, D.C.  20044

Dorothy Nelson Stookey, Esq.
New England Regional Counsel
The Trust for Public Land (Ind.)
33 Union Street
Boston, MA 02108

Philip H. Bartels
Holland Kaufmann & Bartels, LLC
289 Greenwich Avenue
Greenwich, CT 06830-6595

                JOHN B. HUGHES