UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(at Bridgeport)

| | | |
|---|---|---|
| THE CALF ISLAND COMMUNITY ) | CIVIL NO. 3-02-CV-462 (AHN) |
| TRUST, INC., and MARLYN TSAI ) | |
| ) | |
| v. ) | |
| ) | |
| YOUNG MEN'S CHRISTIAN ASSOCIATION ) | |
| OF GREENWICH, a/k/a, YMCA OF GREENWICH, ) | |
| THE TRUST FOR PUBLIC LAND, d/b/a, ) | |
| THE TRUST FOR PUBLIC LAND (INC.) ) | |
| ) | |
| | | |
| UNITED STATES OF AMERICA ) | CIVIL NO. 3-03-CV-275 (AHN) |
| ) | |
| v. ) | |
| ) | |
| 28.8 ACRES OF LAND, MORE OR LESS, ) | |
| LOCATED OFF THE COAST OF ) | |
| GREENWICH, SITUATED IN THE COUNTY ) | |
| OF FAIRFIELD, STATE OF CONNECTICUT, ) | |
| YOUNG MEN'S CHRISTIAN ASSOCIATION ) | |
| OF GREENWICH, CONNECTICUT (YMCA), ) | |
| AND UNKNOWN OWNERS, ET AL. ) | |
| ) | June 11, 2004 |

**DEFENDANT YMCA'S SUPPORTING REPLY MEMORANDUM OF LAW**

*Subject Pleading:* Opposition Memorandum of Law in the Member Case (the Condemnation Proceeding), dated 5/5/04

---

In connection with its support of the Government's Motion for Partial Summary Judgment on the Pleadings (in the Member Case), dated 2/25/04, defendant **Young Men's Christian Association of Greenwich, Connecticut ("YMCA")** hereby files this Supporting Reply Memorandum of Law. More particularly, the YMCA hereby addresses one issue in connection with the 5/5/04 Opposition Brief that was filed by

Case 3:02-cv-00462-AHN   Document 64   Filed 06/14/2004   Page 2 of 11

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (*Member Case*)
(United States District Court, at Bridgeport, CT)

• YMCA's 6/11/04 Supporting
Reply Memo of Law

defendants The Calf Island Community Trust, Inc. (the "Trust") and Marlyn Tsai ("Tsai") (collectively, the "Opponents"). More specifically:

A.  **THE ISSUE**:  In the context of Calves Island, do either of the Opponents have standing, on behalf of "the citizenry of the United States" (5/5/04 Brief, p. 13), to raise the issue (the "Issue"), which first appeared in their 5/5/04 Brief, that the $6.0M "amount of the estimated compensation" (the "$6.0M Amount") that was paid over to the YMCA in this proceeding pursuant to the Declaration of Taking Act (the "DTA"), 40 U.S.C. §258a (now, §3114), was in fact excessive?  As the Opponents have specifically asserted in their 5/5/04 Opposition Brief: (i) at p. 13 that, with respect to the $6.0M Amount, "the citizenry of the United States" are paying $5.0M more than the Island is worth ($1.0M); (ii) at pp. 20-21– "the purported value of the island [went] from 'no takers at any price' to $6,000,000.00 at the expense of the American taxpayers"; and (iii) at p. 25 the $6.0M Amount was an improper amount "at the expense of the public" (Emphasis deleted).

As discussed below, the claim that is now being raised in this Action by the Opponents, on behalf of the citizens of the United States, that the $6.0M Amount was an excessive expenditure of the public's money is, in sum, nonjusticiable because they do not have either "citizen" or "federal taxpayer" standing which is required for them to be able to raise the Issue herein.  Indeed, even though any claim of excessiveness with respect to the DTA "just compensation" would of course be ripe only with respect to the final amount of just compensation that will be set forth in the Judgment to be entered herein (in sharp contrast to any attack on the pre-Judgment and merely

Case 3:02-cv-00462-AHN   Document 64   Filed 06/14/2004   Page 3 of 11

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (Member Case)                           • YMCA's 6/11/04 Supporting
(United States District Court, at Bridgeport, CT)              Reply Memo of Law

estimated $6.0M Amount), nevertheless, as discussed below, at no time herein would the Opponents have any standing to contest the estimated or final dollar amount of the DTA just compensation. More particularly:

1. **The Three Requirements Re: Standing**. As reaffirmed in <u>Steel Company v. Citizens for a Better Environment</u>, 523 U.S. 83, 102, 118 S. Ct. 1003, 1016, 140 L. Ed. 2d 210 (1998), in each lawsuit there necessarily is, "the threshold jurisdictional question: whether respondent, the plaintiff below, has standing to sue [because] Article III, §2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies'". As the Supreme Court further explained, 523 U.S. at 102-04, 118 S. Ct. at 1016-17, there are three requirements which must be met in order for a litigant to have to standing:

> The "irreducible constitutional minimum of standing" contains three requirements. First and foremost, there must be alleged (and ultimately proved) an "injury in fact"—a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained— of conduct of the defendant. And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence. (Cits. and Footnote omitted).

Simply put: "The plaintiff must have a *personal* stake in the litigation". <u>Fetto v. Sergi</u>, 181 F. Supp. 2d 53, 67 (D. Conn. 2002) (CFD) (Cit. omitted; Emphasis supplied). As discussed in the balance of this Memorandum, neither of the Opponents has the requisite citizen standing or federal taxpayer standing to be entitled to address the Issue at any time in this Action.

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (*Member Case*)
(United States District Court, at Bridgeport, CT)

• YMCA's 6/11/04 Supporting
Reply Memo of Law

    2.    **Neither the Trust nor Tsai meets the rigorous requirements for citizen standing**.

    (a)    **The necessity of a personal and concrete "injury in fact" by a complaining party**. A complainant, who has only a "generalized grievance" about the conduct of the Government (*herein*: it is the alleged excessiveness of the $6.0M Amount) cannot satisfy the first requirement of standing of having personally suffered an injury in fact, because the impact upon said party as a result of the subject conduct is not specific to him but instead it is common to all members of the public. In other words, such a complainant is not seeking the "remediation of *his **own** injury*, ... but [instead, it is only the] vindication of the rule of law—the *undifferentiated* public interest". Steel Co., 523 U.S. at 106, 118 S.Ct. at 1018. (Cit. and Internal Quotation Marks omitted; Emphasis and Ellipses supplied). As explained in detail in Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 220-21, 94 S. Ct. 2925, 2932, 41 L. Ed. 2d 706 (1974):

> We affirm Levitt [302 U.S. 633, 58 S. Ct. 1, 82 L. Ed. 493 (1937)] in holding that standing to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share. Concrete injury, whether actual or threatened, is that indispensable element of a dispute which serves in part to cast it in a form traditionally capable of judicial resolution. It adds the essential dimension of specificity to the dispute by requiring that the complaining party have suffered a particular injury caused by the action challenged as unlawful. This personal stake is what the Court has consistently held enables a complainant authoritatively to present to a court a complete perspective upon the adverse consequences flowing from the specific set of facts undergirding his grievance. Such authoritative presentations are an integral part of the judicial process, for a court must rely on the parties' treatment of the facts and claims before it to develop its rules of law.

Case 3:02-cv-00462-AHN   Document 64   Filed 06/14/2004   Page 5 of 11

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*     • YMCA's 6/11/04 Supporting
*(United States District Court, at Bridgeport, CT)*     Reply Memo of Law

> Only concrete injury presents the factual context within which a court, aided by parties who argue within the context, is capable of making decisions. (Footnote omitted).

Thus, a complainant's desire to ensure "that the United States Treasury is not cheated…or that the Nation's laws are faithfully enforced" is simply not enough to create citizen standing. Steel Co., 523 U.S. at 107, 118 S. Ct. at 1019. In sum, there is a strict and preclusionary "rule against generalized grievances". United States v. Hays, 515 U.S. 737, 743, 115 S. Ct. 2431, 2435, 132 L.Ed. 2d 635 (1995). In sharp contrast, however, an individual would properly have citizen standing when the "individual's complaint [is] that certain specific government action will cause *that person* private competitive injury [*for example*: injury against the individual's business company]". Schlesinger, 418 U.S. at 223, 94 S. Ct. at 2933. (Cit omitted; Emphasis supplied).

Finally, it is the generalized grievance complainant, and not the Government, who bears the burden of proof to satisfy the foregoing injury in fact requirement and also the second and third standing requirements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). *Accord:* Hays, 515 U.S. at 743, 115 S. Ct. at 2435. As a result, "[i]n response to a motion for summary judgment, however, [a complainant who asserts citizen standing]… *must* 'set forth' by affidavit or other [FRCP– specified] evidence 'specific facts', Fed. Rule Civ. Proc. 56(e)", with respect to *his* specific and personal injury that was caused by the Government's conduct. Lujan, 504 U.S. at 561, 112 S. Ct. at 2137 (Emphasis supplied).

Case 3:02-cv-00462-AHN   Document 64   Filed 06/14/2004   Page 6 of 11

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (<u>Member Case</u>)
(United States District Court, at Bridgeport, CT)

• YMCA's 6/11/04 Supporting
Reply Memo of Law

      (b)  **<u>The Trust and Tsai, as only generalized grievance complainants, have failed to satisfy their respective burdens of proof for their citizen standing</u>**. The Trust and Tsai have failed to file any FRCP 56(e) affidavits or other competent evidence required under FRCP 56(c) and also under Local Rule 56(a)(3) with regard to *any* specific (*i.e.,* non– general public) injury suffered by each of them. Thus, they have undeniably failed herein to satisfy their burden of proof on citizen standing. *See, e.g.,* <u>Lujan</u>, 504 U.S. at 561, 112 S.Ct. at 2136-2137. Furthermore, going beyond the complete absence herein of any evidence of a specific personal injury that has been suffered by the Trust or by Tsai, it is clear that they could never satisfy at any time the rigorous requirements for citizen standing with respect to the Issue. More specifically, it is uncontestable that neither the Trust or Tsai could suffer a concrete injury that is specific and individual to them, in contrast to any undifferentiated injury that has been purportedly suffered in common by all members of the public, with respect to the $6.0M Amount.

      Moreover, in their own explicit recognition of this fatal infirmity to their ability to ever meet the standards for citizen standing concerning the Issue, the Opponents have already "readily conceded" that their "views or opinions", *i.e.*, their personal interest with respect to the Issue, "are wholly <u>irrelevant</u>". (5/5/04 Brief, at p. 12) (Emphasis in the original by the Opponents). In sum, with respect to the Issue, because the Opponents are asserting only "[a]n interest shared generally with the public at large in the proper application of the Constitution and the laws", such an interest simply "will not do" for purposes of satisfying the strict requirements of citizen

Case 3:02-cv-00462-AHN   Document 64   Filed 06/14/2004   Page 7 of 11

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (Member Case)                                    • YMCA's 6/11/04 Supporting
(United States District Court, at Bridgeport, CT)                        Reply Memo of Law

standing. Arizonans for Official English v. Arizona, 520 U.S. 43, 64, 117 S. Ct. 1055, 1067, 137 L. Ed. 2d 170 (1997) (Cit. omitted).

    3. **Likewise, the Opponents do not meet the rigorous requirements for federal taxpayer standing**.

      (a) **The *Flast v. Cohen* two– part Nexus Test**. The totally different standing requirement for a federal taxpayer asserting a generalized grievance is the two– part Nexus Test that was set forth in Flast v. Cohen, 392 U.S. 83, 102-03, 88 S. Ct. 1942, 1954, 20 L. Ed. 2d 947 (1968). The *Flast* Nexus Test was succinctly summed up in Schlesinger, 418 U.S. at 227-28, 91 S. Ct. at 2935, as follows:

> Consideration of whether respondents have standing to sue as taxpayers raises a different question from whether they may sue as citizens. Flast v. Cohen, *supra,* established that status as a taxpayer can, under certain limited circumstances, supply the personal stake essential to standing. There, the Court held that, in order to ensure the necessary personal stake, there must be "a logical nexus between the [taxpayer] status asserted and the claim sought to be adjudicated," 392 U.S., at 102, 88 S. Ct., at 1953. In *Flast*, the Court determined that the taxpayer demonstrated such a "logical nexus" because, (1) he challenged the exercise of "congressional power under the taxing and spending clause of Art. I, §8 …" and (2) "the challenged enactment exceed[ed] specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power" under Art. I, §8. *Id.,* at 102-103, 88 S. Ct., at 1954. (Textual alterations in the original).

Accordingly, although a person who asserts a generalized grievance merely in his capacity as a citizen can have no standing (as discussed in Paragraph A(2) above), nonetheless, if the same person asserts such a grievance in his capacity as a federal taxpayer *and* if he is able to satisfy the *Flast* Nexus Test, then, he does have the

Case 3:02-cv-00462-AHN   Document 64   Filed 06/14/2004   Page 8 of 11

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (Member Case)                                    • YMCA's 6/11/04 Supporting
(United States District Court, at Bridgeport, CT)                        Reply Memo of Law

"requisite personal stake in the outcome" necessary to satisfy the requirement of federal taxpayer standing. Flast, 392 U.S. at 101 and 101-02, 88 S. Ct. at 1953 and 1954.

In Flast, the personal stake of the litigant that the Supreme Court held did satisfy its two-part Test was that, because the subject 1965 Education Act, which had appropriated federal funds to pay for classroom instruction and textbook purchases for religious schools, was in violation of the Establishment and Free Exercise Clauses of the First Amendment, thus Mrs. Flast, as an individual taxpayer, did have sufficient standing as a federal taxpayer to contest the expenditures. *Id.,* 418 U.S. at 103, 88 S. Ct. at 1954.  In other words, federal taxpayer standing could properly exist in cases, for example,  involving said two Constitutional Clauses even though the injury suffered by the litigant is in common with all members of the public.

The strictness of the *Flast* Nexus Test was subsequently illustrated in United States v. Richardson, 418 U.S. 166, 94 S. Ct. 2940, 41 L. Ed. 2d 678 (1974), in which a complainant filed a mandamus action, in his status as a federal taxpayer, to compel the Secretary of the Treasury to publish an accounting of the receipts and expenditures of the CIA. The Court held that the taxpayer failed to meet either part of the Test, because: (i) his challenge did not address the taxing or spending power of Art. I, §8, of the Constitution, but merely, his challenge was directed to the statutes regulating the CIA; and (ii) there was no claim that "appropriated funds are being spent in violation of a specific constitutional limitation upon the taxing and spending power". *Id.,* 418 U.S. at 175, 84 S. Ct. at 2945-2946.  (Cit., Internal Quotation Marks and Ellipses omitted).

Case 3:02-cv-00462-AHN    Document 64    Filed 06/14/2004    Page 9 of 11

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (Member Case)                                • YMCA's 6/11/04 Supporting
(United States District Court, at Bridgeport, CT)                     Reply Memo of Law

(b) **The Trust and Tsai have failed to satisfy their respective burdens of proof for federal taxpayer standing**. It is undeniable that neither part of the *Flast* Nexus Test has been met herein by the Trust or by Tsai with regard to their federal taxpayer status. First, their challenge herein is not addressed to the taxing or spending power of Art. I, §8. Second, there is no claim by them that the subject funds (the $6.0M Amount) were spent in violation of any specific constitutional limitation on the taxing and spending power. Thus, in addition to failing to satisfy the citizen standing requirements, the Trust and Tsai have likewise failed to satisfy the federal taxpayer standing requirements.

4. **A final matter**. In their 5/5/04 Brief, the Trust and Tsai have set forth a wide–ranging litany of allegations about the conduct of the Government and also the YMCA and TPL. First, the non–personal nature of these allegations confirms that the Opponents have no personal stake with respect to the Issue. Second, and in a follow–up to the 5/9/02 Updated Statutory Affidavit by TPL's Regional Counsel, Dorothy Nelson Stookey, Esq., that was previously filed in the "State Court" Action, now attached hereto (as Exhibit "A") is a 6/10/04 Second Statutory Affidavit from Attorney Stookey that sets forth, in contrast to the speculations and assertions by the Opponents, the correct facts with respect to the 1999–2002 agreements, assignments and other documents among the YMCA, TPL and the Government in connection with Calves Island.

**WHEREFORE**, the YMCA respectfully requests that the Government's 2/25/04 Motion for Partial Summary Judgment be granted.

Case 3:02-cv-00462-AHN    Document 64    Filed 06/14/2004    Page 10 of 11

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (<u>Member Case</u>)*
*(United States District Court, at Bridgeport, CT)*

• *YMCA's 6/11/04 Supporting*
*Reply Memo of Law*

- Dated June 11, 2004 at Greenwich, CT.

                **DEFENDANT**
                Young Men's Christian Association
                of Greenwich, Connecticut (YMCA), *a/k/a*

By: _____
      Philip H. Bartels
For:  HOLLAND, KAUFMANN & BARTELS, LLC
      Its Attorneys
      289 Greenwich Avenue
      Greenwich, CT 06830-6595
      (203) 869-5600 * (Fax) 869-4648
      (Federal Bar No. ct06836)

## **CERTIFICATION**

_____THIS IS TO CERTIFY that a copy of the foregoing shall be mailed this day, postage prepaid, to all formal and informal Counsel of Record on June 11, 2004:

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (<u>Member Case</u>)
(United States District Court, at Bridgeport, CT)

• YMCA's 6/11/04 Supporting
Reply Memo of Law

| | |
|---|---|
| John Hughes, Esq.<br>Civil Chief<br>United States Attorneys' Office<br>Box 1824<br>New Haven, CT 06508 | Joy Ryan, Esq.<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Land Acquisition Section<br>P.O. Box 561<br>Ben Franklin Station<br>Washington, DC 20044 |
| Dorothy Nelson Stookey, Esq.<br>New England Regional Counsel<br>The Trust for Public Land (Inc.)<br>33 Union Street<br>Boston, MA 02108 | John Van Allen Murray, Esq.<br>Diserio Martin O'Connor & Castiglioni, LLP<br>One Atlantic Street<br>Stamford, CT 06901 |
| Mary E. Sommer, Esq.<br>Sandak, Hennessy & Greco, LLC<br>970 Summer Street<br>Stamford, CT 06905 | |

_____

Philip H. Bartels

A:\Supporting Reply Memorandum of Law.wpd