UNITED STATES DICTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CALF ISLAND COMMUNITY TRUST, INC., and MARLYN TSAI<br>   Plaintiffs<br><br>  v.<br><br>YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, a/k/a YMCA OF GREENWICH, THE TRUST FOR PUBLIC LAND, d/b/a, THE TRUST FOR PUBLIC LAND INC.<br>   Defendants | Civil No. 3:02CV462 (AHN)<br>(Master Case/ALL CASES) |
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>  v.<br><br>28.8 ACRES OF LAND, MORE OR LESS, LOCATED OFF THE COAST OF GREENWICH, SITUATED IN THE COUNTY OF FAIRFIELD, STATE OF CONNECTICUT, YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, CONNECTICUT (YMCA), AND UNKNOWN OWNERS, ET. AL.,<br>   Defendants. | Civil No.3-03-CV-275(AHN)<br><br><br><br><br><br>July 15, 2004 |

### PLAINTIFFS' REQUEST FOR PERMISSION TO FILE AN AFFIDAVIT AND SUR-REPLY

Subject Pleadings:
 (l) Defendant YMCA's 6/10/04 Supporting Reply Memorandum of Law and Second Statutory Affidavit of Dorothy Nelson Stookey

---

Plaintiffs Calf Island Community Trust, Inc. and Marlyn Tsai (in Civil No. 3-03-CV-275, by their counsel, John V.A. Murray, Of Counsel, Diserio Martin O'Connor & Castiglioni LLP, hereby file this Request for Permission to file an Affidavit and Sur-Reply for the reasons set forth below.

1. The aforesaid plaintiffs, in their papers in opposition to the motion of the United States for Partial Summary Judgment, questioned the validity of the within condemnation proceeding by the United States, including on the ground that, in the absence of any affirmative showing by the United States, the Bargain Sale Option Agreement on which the transaction depends may not have been renewed, and therefore expired, by reason of a failure of the parties thereto to fulfill the conditions for renewal specified in that agreement..

2. The sole response of any party to this challenge, was the submission by Defendant YMCA of an unsupported affidavit of Dorothy Nelson Stookey, New England Regional Counsel for The Trust for Public Land (Inc.) ("TPL"), , dated June 10, 2004 (the "Stookey affidavit"), alleging to the contrary.

3. Rather than attach any documentation in support of her assertion, the Stookey affidavit alleges that such documents are "located in TPL's New England Regional Office at 33 Union Street, Boston, MA.". The only reasonable and relevant inference to be drawn from that statement is that the documents are available for inspection at that location since, absent proof of the existence, genuineness, and contents of such documents, the Stookey affidavit is meaningless.

3. John S. Rogers, Esq., who is the general Counsel for The Calf Island Community Trust, undertook to retain a person in the Boston area to inspect and make copies of the documents referenced in the Stookey affidavit.

4. Mr. Rogers contacted a professional associate in the Boston area, Ms. Joan Cassidy. Ms. Cassidy is an experienced Court Reporter, and for many years was co-director with Mr. Rogers of a non-profit educational institution. Mr. Rogers sent Ms. Cassidy written authorization to contact the New England Regional Office of TPL to arrange to inspect the referenced documents.

5. Mr. Rogers included in his package of information to Ms. Cassidy, copies of documents already before the Court, which documents were the subject of Plaintiffs' recent opposition to (i) the Government's Motion for Partial Summary Judgment and (ii) the YMCA's Motion for Summary Judgment. Ms. Cassidy was requested to compare the documents with those on file at TPL and to copy any pages which were different or additional to those contained in the court files.

6. Ms. Cassidy was requested to inspect and copy the three checks referenced in the affidavit.

7. I am advised that Ms. Cassidy contacted Ms. Stookey by telephone and requested an opportunity to inspect the documents, and that her request was denied. Ms. Cassidy is preparing an affidavit which I should have in my office in a matter of days.

7. Plaintiffs respectfully request (a) permission of the Court to provide Ms. Cassidy's affidavit to the Court; (b) an order permitted them to inspect and copy the documents referred to in the Stookey affidavit; and (c) permission to serve and file a Sur-Reply based on the result of such inspection.

Respectfully submitted,

DATED: July 19, 2004

The Calf Island Community Trust, Inc.
and Marlyn Tsai

By_____
John V. A. Murray/ct06756
Their Attorney
Of Counsel
DISERIO MARTIN O'CONNOR &
  CASTIGLIONI, LLP
One Atlantic Street
Stamford, CT 06901
(203) 358-0800
Telefax (203) 348-2321

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the within opposition of Plaintiffs (The Calf Island Community Trust, Inc. and Marlyn Tsai) to Defendant YMCA's Motion for Summary Judgment and Cross-Motion to strike Defendant YMCA's Answer and Affirmative Defenses has been mailed, postage paid this 19th day of July, 2004, to:

John Hughes, Civil Chief
United States Attorney
157 Church Street
New Haven, Ct. 06510

Joy Ryan, Trial Attorney
United States Department of Justice
Environmental and Natural Resources Division
Land Acquisition Section
P.O. Box 561, Ben Franklin Station
Washington, DC 20044

Philip H. Bartels, Esq.
Holland Kaufmann & Bartels, LLC
289 Greenwich Avenue
Greenwich, CT 06830

Jay H. Sandak, Esq.
Sandak, Friedman, Hennessy & Greco, LLP
970 Summer Street
Stamford, CT 06905

Dorothy Nelson Stookey, Esq.
New England Regional Counsel
The Trust for Public Land (Inc.)
33 Union Street
Boston, MA 02108

Mary E. Sommer, Esq.
Sandak, Friedman, Hennessy & Greco, LLP
970 Summer Street
Stamford, CT 06905

By_____
John V. A. Murray/ct06756
Of Counsel
DISERIO MARTIN O'CONNOR &
   CASTIGLIONI, LLP
One Atlantic Street
Stamford, CT 06901
(203) 358-0800
Telefax (203) 348-2321