UNITED STATES DICTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CALF ISLAND COMMUNITY<br>TRUST, INC., and MARLYN TSAI<br>       Plaintiffs<br><br>       v.<br><br>YOUNG MEN'S CHRISTIAN ASSOCIATION<br>OF GREENWICH, a/k/a YMCA OF GREENWICH,<br>THE TRUST FOR PUBLIC LAND, d/b/a, THE TRUST<br>FOR PUBLIC LAND INC.<br>       Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 3:02CV462 (AHN)<br>(Master Case/ALL CASES) |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>       v.<br><br>28.8 ACRES OF LAND, MORE OR LESS,<br>LOCATED OFF THE COAST OF<br>GREENWICH, SITUATED IN THE COUNTY<br>OF FAIRFIELD, STATE OF CONNECTICUT,<br>YOUNG MEN'S CHRISTIAN ASSOCIATION<br>OF GREENWICH, CONNECTICUT (YMCA),<br>AND UNKNOWN OWNERS, ET. AL.,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No.3-03-CV-275(AHN)<br><br><br><br><br><br><br><br>July 15, 2004 |

## REPLY AFFIRMATION IN SUPPORT OF REQUEST FOR PERMISSION
## TO FILE A SUR-REPLY AND AFFIDAVIT

Subject Pleadings:
(1) Defendant YMCA's 6/10/04 Supporting Reply Memorandum of Law and Second Statutory
Affidavit of Dorothy Nelson Stookey

---

The Calf Island Community Trust, Inc. and Marlyn Tsai, by their counsel, John V.A.

Murray, Of Counsel, Diserio Martin O'Connor & Castiglioni LLP, hereby files this Reply to the

opposition by the Government and by Defendant YMCA to the application of Plaintiffs[1] for Permission to file a Sur-Reply and Affidavit.

1.    The present effort by the Government and the YMCA to resist inspection of documents explicitly relied upon in support of the present condemnation proceeding and the pending motions for summary judgment, if nothing else, raises questions of fact requiring denial of such motions pending discovery in these proceedings.

2. Facts: (a) Government and elected officials appropriated $6,000,000 of U.S. taxpayers' money for the acquisition of Calf Island in reliance on a Bargain and Sale Option Agreement, the validity of which Plaintiffs Trust and Tsai have challenged.

(b) The Government attached the Bargain Sale Option Agreement to its complaint, and relied upon it as the basis for the $6,000,000 estimated "just compensation" (where the facts reveal that Defendant YMCA had the island on the open market for an extended period and did not receive a single bone fide offer for it).

(c) When the transaction was challenged by the Trust and Tsai on the pending motions, the YMCA annexed the 6/10/04 Second Statutory Affidavit of Attorney Stookey to their 6/11/04 Supporting Reply Memorandum of Law (hereinafter "YMCA Reply") assuring the Court that "in contrast to the speculations and assertions by the Opponents", the "correct facts with respect to the 1999-2002 agreements" are set forth in the Stookey affidavit. (emphasis added). (YMCA Reply, par. #4, pgs. 9-10), and further cited the Stookey affidavit as a "follow-up to the 5/9/02" Statutory Affidavit in which Attorney Stookey previously attempted to assure the Court that her sworn statements were fully supported by documentation in her possession at TPL's regional office in Boston.

---

[1] The Calf Island Community Trust and Marlyn Tsai are Plaintiffs in the State case which the Court nominated as the Master Case in these consolidated proceedings.

2

3.      Now, rather than ever having attached copies of the documentation, which is described but not produced, and on which it and the YMCA rely in support of their motions, the Government informs the Court that "whether or not the Bargain and Sale Option Agreement expired" is "much ado about nothing".

4.      Since the substance of the Stookey affidavit, i.e., the existence of a valid Bargain and Sale Option Agreement, were relied on by the Government and the YMCA in support of their motions, one would have thought that they would have no objection to an inspection of documents proclaimed as being on file at TPL's district office, rather than taking a sudden about face, resisting such inspection, and arguing that the validity of the alleged agreement at the time of the condemnation (the primary thrust of the unsupported Stookey affidavits) has no relevance.

5..     The Government's retreat from the subject, relied on both in the complaint and the pending motions, demonstrates at the very least that there are material issues of fact which preclude an award of summary judgment in this matter.

6.      The Complaint alleged a Bargain Sale Option Agreement, and certain alleged amendments thereto, including as "accepted by plaintiff [the Government]", as the basis for fixing "the amount of just compensation for the entire property described herein in the sum of $6,000,000.". In their Answer to the Complaint, Trust and Tsai denied and placed in issue, *inter alia*, the Government's compliance with the authorities pleaded in the Complaint (and particularly DTA), and the Government's assertions regarding the contractual basis for the $6,000,000 amount of just compensation.

7.      The Government and Defendant YMCA have conceded that compliance with the requirements of DTA is essential and jurisdictional.

3

8.     If, as suggested by the Calf Island Community Trust and Marlyn Tsai, the statements by Ms. Stookey in her affidavit are untrue or unsupported by the alleged documentation, as the failure to permit inspection may well suggest, the bottom falls out on the Government's cited statutory authority for the contested condemnation, i.e. the Declaration of Taking Act, 40 U.S.C. §3114 (DTA), and particularly DTA par. 5 relating to the validity of the Government's determination of just compensation based on the Bargain Sale Option Agreement which was annexed to the Complaint and specifically relied upon.

9.     The present effort of both the Government and the YMCA to distance themselves from any inquiry into the truth of the Stookey affidavit (while still relying on its unsupported statements in opposition to the within request), clearly underscores the existence of material issues of fact sufficient to require denial of the motions of the Government and the YMCA (as urged by the Trust and Tsai).

10.     We need not resort to speculation on these issues central to the validity of the taking under the DTA or the $6,000,000 valuation. Instead, let us and the Court inspect the documents and the checks allegedly in the possession of TPL, one of the parties to these proceedings, a party very much in interest, and an advocate of the positions taken by the Government and the YMCA.

11.     The YMCA's resort to a technical objection to the timeliness of this request should, of course, be ignored since it is the proponents of the Stookey affidavit who chose to rely

4

on her unsupported allegations in response to a challenge on a material issue rather than simply attach the documents in question. And it is they who put the Trust and Tsai to the time, effort, and expense of seeking inspection of the withheld documents, only to be refused by Ms. Stookey herself on the excuse of instructions of the counsel to the YMCA (as Ms. Cassidy's affidavit will attest).

12.    Equally to be rejected at this stage in the proceeding is the position adopted by Government counsel, who, having pleaded and relied on the validity of this specific Bargain and Sale transaction[2], now back-pedals away from its validity and Stookey's truthfulness with statements like "whether or not" the agreement expired, "whether there was, or was not, a Bargain and Sale Option Agreement", etc.

13.    The short answer from the Court, we respectfully submit, should be "Show me the documents". If they are produced, fine. Plaintiffs' other grounds for opposing the motions would still stand.

14.    If the documents are not produced at all, or in a form at variance with the facts alleged (as the Trust and Tsai suspect and have put in issue), let the Court judge for itself as to both the legal implications that ensue, as well as the separate question of the truthfulness Ms. Stookey.

WHEREFORE, it is respectfully requested that the Court grant Plaintiffs' request for leave to submit the Cassidy affidavit, and upon the review of same, order that the originals of documents referred to in the Stookey affidavit, including checks representing payments relevant

---

[2] The Complaint specifically alleged a Bargain Sale Option Agreement, and certain alleged amendments thereto, including as "accepted by plaintiff", as the basis for fixing "the amount of just compensation for the entire property described herein in the sum of $6,000,000.00".

thereto be produced for inspection and copying by Plaintiffs and submission to the Court.

DATED: August 12, 2004

Respectfully submitted,

The Calf Island Community Trust, Inc.
and Marlyn Tsai

By_____

John V. A. Murray ct06756
Their Attorney
Of Counsel
DISERIO MARTIN O'CONNOR &
    CASTIGLIONI, LLP
One Atlantic Street
Stamford, CT 06901
(203) 358-0800
Telefax (203) 348-2321

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the within Reply of Plaintiffs (The Calf Island Community Trust, Inc. and Marlyn Tsai) in support of their Request to submit a sur-reply and the affidavit of Joan K. Cassidy has been mailed, postage paid this 12th day of August, 2004, to:

John Hughes, Civil Chief
United States Attorney
157 Church Street
New Haven, Ct. 06510

Joy Ryan, Trial Attorney
United States Department of Justice
Environmental and Natural Resources Division
Land Acquisition Section
P.O. Box 561, Ben Franklin Station
Washington, DC 20044

Philip H. Bartels, Esq.
Holland Kaufmann & Bartels, LLC
289 Greenwich Avenue
Greenwich, CT 06830

Jay H. Sandak, Esq.
Sandak, Friedman, Hennessy & Greco, LLP
970 Summer Street

Stamford, CT 06905

Dorothy Nelson Stookey, Esq.
New England Regional Counsel
The Trust for Public Land (Inc.)
33 Union Street
Boston, MA 02108

Mary E. Sommer, Esq.
Sandak, Friedman, Hennessy & Greco, LLP
970 Summer Street
Stamford, CT 06905

By_____

John V. A. Murray/ct06756
Of Counsel
DISERIO MARTIN O'CONNOR &
   CASTIGLIONI, LLP
One Atlantic Street
Stamford, CT 06901
(203) 358-0800
Telefax (203) 348-2321

7