UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(at Bridgeport)

FILED

2005 MAY 10 ...

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

| | |
|---|---|
| THE CALF ISLAND COMMUNITY TRUST, INC., and MARLYN TSAI<br><br>v.<br><br>YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, a/k/a, YMCA OF GREENWICH, THE TRUST FOR PUBLIC LAND, d/b/a, THE TRUST FOR PUBLIC LAND (INC.) | CIVIL NO. 3-02-CV-1265 (AHN) |
| UNITED STATES OF AMERICA<br><br>v.<br><br>28.8 ACRES OF LAND, MORE OR LESS, LOCATED OFF THE COAST OF GREENWICH, SITUATED IN THE COUNTY OF FAIRFIELD, STATE OF CONNECTICUT, YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, CONNECTICUT (YMCA), AND UNKNOWN OWNERS, ET AL. | CIVIL NO. 3-03-CV-275 (AHN)<br><br><br><br><br><br><br>May 9, 2005 |

**OPPOSITION MEMORANDUM BY DEFENDANT YMCA TO
THE 5/1/05 REQUEST FILED IN THE CONSOLIDATED CASES**

RE:   *The Calf Island Community Trust, Inc.'s 5/1/05 Request for the Issuance
of a FRCP 54(b) Certification*

Defendant (and now Appellee) **Young Men's Christian Association of Greenwich, Connecticut (the "YMCA")** hereby files this Opposition Memorandum to the above-referenced Request (the "5/1/05 Request") that was filed in the Master Docket and in the Member Case by defendant (and now Appellant) The Calf Island Community Trust, Inc. More particularly, the YMCA sets forth the following three bases for its Objection to the 5/1/05 Request (in addition to the technical objection that the Trust's new, but not substitutionary, Attorney, John S. Rogers, Esq., does

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*
*(United States District Court, at Bridgeport, CT)*         •*YMCA's 5/9/05 Opposition Memorandum*

not have an appearance in either of the Consolidated Cases, and thus is precluded from filing any documents with this Court):

1. **Once the Trust's 2/25/05 Notice of Appeal was filed, this Court's substantive jurisdiction has been divested with regard to the matters that are on appeal until the Appeal has been concluded; and thus, this Court is unable to entertain the 5/1/05 Request.**

(a) **The Controlling Law.** It is a seminal principle of the Federal judicial system that once a notice of appeal has been filed with the Court of Appeals, the District Court is immediately divested of its substantive jurisdiction over those matters which have been appealed: "[T]he filing of a notice of appeal is jurisdictionally significant; it terminates the district court's consideration and control over those aspects of the case that are on appeal". New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1349 (2d Cir. 1989) (*citing* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 401-02, 74 L.Ed. 2d 225 (1982)). *Accord*: Motorola Credit Corp. v. Uzan, 388 F. 3d 39, 53 (2d Cir. 2004).

(b) **The Application herein.** By the act of filing its 2/25/05 Notice of Appeal herein, the Trust has thereby divested this Court of any substantive jurisdiction with regard to its "consideration and control over those aspects of the case that are appeal". New York State Nat'l Org. for Women, 886 F.2d at 1349 (Cit. omitted). Therefore, as a direct result of its own conduct, the Trust has now prevented this Court from being to consider the 5/1/05 Request with respect to the issuance of a Rule 54(b) certification of the decision on appeal, *viz.*, this Court's 1/26/05 Ruling. Thus, the 5/1/05 Request is without merit.

Case 3:02-cv-00462-AHN    Document 79    Filed 05/10/2005    Page 3 of 6

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*
*(United States District Court, at Bridgeport, CT)*                    •*YMCA's 5/9/05 Opposition Memorandum*

2.  **An Appeal which requires a Rule 54(b) certification, but which has been filed prior in time to the issuance of a Rule 54(b) certification, is jurisdictionally defective; and thus, a Rule 54(b) certification that is issued after the filing of subject Notice of Appeal would be without effect.**

(a) **The Controlling Law**. Briefly stated, unless the issuance of a Rule 54(b) certification precedes the filing of the subject notice of appeal, the Second Circuit does not have appellate jurisdiction if the appeal is one that requires a Rule 54(b) certification. First, as stated with clarity by the Second Circuit: "This Court has strictly adhered to the certification requirement of Rule 54(b)". Duraflex Sales & Service Corp. v. W.H.E. Mechanical Contractors, 110 F. 3d 927, 932 (2d Cir. 1997)(Cits. omitted). In said case, in the absence of a Rule 54(b) certification (because therein the motion for a Rule 54(b) certification had not been acted upon), the subject interlocutory ruling by the District Court for which said Motion had been filed did not therefore become an appealable "final judgment"; and as a result, the Appellant's appeal thereafter of the subsequently-issued judgment of strict foreclosure in the consolidated cases was thus a timely and valid appeal. *Id.*, 110 F.3d at 931-32. Moreover, even if a Rule 54(b) certification has been issued, but if it lacks a "reasoned explanation for the Rule 54(b) judgment", then, the appeal is customarily dismissed as an improper appeal. O'Bert v. Vargo, 331 F. 2d 29, 41 (2d Cir. 2003). Similarly, in L.B. Foster Co. v. America Piles, Inc., 138 F.3d 81, 86 (2d Cir. 1998), the Second Circuit cited with approval the conduct of its Staff Counsel who had "suggested [to the appellant therein with respect to his first appeal] that the district court's unexplained Rule 54(b) certification was inadequate to create a final, immediately appealable judgment". The distillation of these Second Circuit precedents, particularly when combined with the seminal principle that an appeal divests the District

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*
*(United States District Court, at Bridgeport, CT)*                •*YMCA's 5/9/05 Opposition Memorandum*

Court of its substantive jurisdiction over the matter on appeal (*See* Paragraph 1(a) above), is that the issuance of a proper Rule 54(b) certification must precede the filing of a notice of appeal, and not the converse as the Trust has now urged in the 5/1/05 Request.

**(b)** **The Application herein.** It is irrefutable that the Trust's 2/25/05 Notice of Appeal has preceded the 5/1/05 Request. Accordingly, the subsequently-filed 5/1/05 Request for the issuance of a Rule 54(b) certification is untimely and thus is without merit.

**3.** **Even if *arguendo* a Rule 54(b) Certification could still be validly issued by this Court, nonetheless, this case does not satisfy the Second Circuit's "Sparingly Exercised" Rule for the issuance of a Rule 54(b) certification.**

**(a)** **The Controlling Law.** In O'Bert, 331 F.3d at 41, the Second Circuit reconfirmed the overriding limitation in connection with the issuance of Rule 54(b) certifications that, in view of the "historic federal policy against piecemeal appeals", the authority to grant Rule 54(b) certifications should be "exercised sparingly" and "used only in the infrequent harsh case". (Cits. and Internal Quotation Marks omitted). Thus, a Rule 54(b) certification "should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal". *Ibid*. (Cits. and Internal Quotation Marks omitted). (This requirement, as reconfirmed in Obert, was denominated in United States v. American Society of Composers, 333 F. Supp. 2d 215, 219 (S.D.N.Y. 2004) (WCC), as the "Sparingly Exercised" Rule.)

**(b)** **The Application herein.** Nowhere in the 5/1/05 Request is there any discussion of, or is there even a passing reference that is made to, the manner in which the instant Action would constitute, under the Sparingly Exercised Rule, O'Bert, 331 F.3d at 41, an "infrequent

harsh case" in which "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal" of the Court's 1/26/05 Ruling. *Ibid.* (Cits. and Internal Quotation Marks omitted). The reason for the total absence of any such discussion by the Trust (or even a passing reference) in the 5/1/05 Request is clear: there are no such factors whatsoever present in the instant Action. Simply put, the Trust's eagerness to create appellate jurisdiction so that it can now seek the reversal of the Court's 1/26/05 Ruling, rather than having to wait for several months for the Rule 71A(j) Compensation Hearing to be held and for the final judgment that will presumably be issued thereafter, is a wholly insufficient reason on which a District Court could base a rarely-to-be-granted Rule 54(b) certification. Thus, the 5/1/05 Request is without merit.

**WHEREFORE**, the YMCA respectfully requests that the Trust's 5/1/05 Request be denied by this Court.

•DATED May 9, 2005 at Greenwich, Connecticut.

**DEFENDANT**
Young Men's Christian Association
of Greenwich, Connecticut (YMCA), *a/k/a*

By: *[signature]*
Philip H. Bartels
For: SHIPMAN & GOODWIN LLP
Its Attorneys
289 Greenwich Avenue
Greenwich, CT 06830-6595
(203) 869-5600 * (Fax) 869-4648
(Federal Bar No. ct06836)

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*
*(United States District Court, at Bridgeport, CT)*            •*YMCA's 5/9/05 Opposition Memorandum*

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing shall be mailed this day, postage prepaid, to all formal and informal Counsel of Record on May 9, 2005:

| | |
|---|---|
| John Hughes, Esq.<br>Civil Chief<br>United States Attorneys' Office<br>Box 1824<br>New Haven, CT 06508 | Joy Ryan, Esq.<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Land Acquisition Section<br>P.O. Box 561<br>Ben Franklin Station<br>Washington, DC 20044 |
| Dorothy Nelson Stookey, Esq.<br>New England Regional Counsel<br>The Trust for Public Land (Inc.)<br>33 Union Street<br>Boston, MA 02108 | John Van Allen Murray, Esq.<br>Diserio Martin O'Connor & Castiglioni, LLP<br>One Atlantic Street<br>Stamford, CT 06901 |
| Mary E. Sommer, Esq.<br>Sandak, Hennessy & Greco, LLC<br>970 Summer Street<br>Stamford, CT 06905 | John S. Rogers, Esq.<br>330 East 43rd Street<br>New York, NY 10017 |

_____
Philip H. Bartels

U:\PHB\PROPERTY\YMCA\Opposition Request (#2)