UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(at Bridgeport)

| | |
|---|---|
| THE CALF ISLAND COMMUNITY TRUST, INC., and MARLYN TSAI<br><br>v.<br><br>YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, a/k/a, YMCH OF GREENWICH, THE TRUST FOR PUBLIC LAND, d/b/a, THE TRUST FOR PUBLIC LAND (INC.) | CIVIL NO. 3-02-CV-462 (AHN) |
| UNITED STATES OF AMERICA<br><br>v.<br><br>28.8 ACRES OF LAND, MORE OR LESS, LOCATED OFF THE COAST OF GREENWICH, SITUATED IN THE COUNTY OF FAIRFIELD, STATE OF CONNECTICUT, YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, CONNECTICUT (YMCA), AND UNKNOWN OWNERS, ET AL. | CIVIL NO. 3-03-CV-275 (AHN)<br><br><br><br><br><br>October 3, 2005 |

**THE YMCA'S MOTION IN SUPPORT OF THE**
**STIPULATION BY THE UNITED STATES AND THE YMCA**

*Subject Hearing:*   The 10/18/05 FRCP 71A(j) Compensation Hearing

---

In connection with the above–referenced 10/18/05 Hearing, the **Young Men's Christian Association of Greenwich, Connecticut** (the "YMCA") hereby respectfully files this Motion in Support of the 10/3/05 Stipulation which is being filed herewith by the United States and the YMCA, as follows:

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (*Member Case*)                              ·*Motion in Support of the Stipulation*
(*United States District Court, at Bridgeport, CT*)                  *by the United States and the YMCA*

1.   **The FRCP 71A(j) "Just Compensation"**.

(a)   **The Subject Law**.  As reconfirmed in Kelo v. City of New London, Conn., ___U.S. ___, 125 S.Ct. 2655, 2666 n.16, ___L.Ed. 2d___ (2005), in the event of the Government's condemnation of any property, the Takings Clause of the Constitution requires that "just compensation" must be paid to the condemnee: "[N]or shall private property be taken for public use, without just compensation".  U.S. Constitution, Amendment 5, Clause 5.  Or, as stated another way regarding the requirement that the compensation must be "just", the Takings Clause "permit[s] the government to do what it wants so long as it pays the charge".  *Id.*, ___U.S. at ___, 125 S.Ct. at 2667 n.19 (Cit. omitted).  As explained in more detail in Kirby Forest Industries, Inc. v. United States, 467 U.S. 1, 9-10, 104 S.Ct. 2187, 2194, 81 L.Ed. 2d 1 (1984):

> The United States has the authority to take private property for public use by eminent domain, but is obliged by the Fifth Amendment to provide "just compensation" to the owner thereof. "Just compensation," we have held, means in most cases the fair market value of the property on the date it is appropriated. (Cits. omitted).

Finally, the Court of Federal Claims succinctly reconfirmed this just compensation requirement in Board of County Supervisors v. United States, 47 Fed. Cl. 714, 719 (2000), *affd.* 276 F.3d 1359 (2002), as the "fair market value at the time of the taking". (Cits. omitted).

The burden of proof of establishing said fair market value is upon the condemnee. *See, e.g.,* Board of County Supervisors v. United States, 276 F.3d 1359, 1364 (Fed. Cir. 2002) (*citing* United States *ex rel.* Tennessee Valley Authority v. Powelson, 319 U.S. 266, 273, 63 S.Ct. 1047, [1051-52,] 87 L.Ed. 1390 (1943)).  *Accord:* National Railroad Passenger Corp. v. Certain Temporary Easements, 357 F.3d 36, 39 (1st Cir. 2004).

Case 3:02-cv-00462-AHN   Document 83   Filed 10/04/2005   Page 3 of 7

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*                    *·Motion in Support of the Stipulation*
*(United States District Court, at Bridgeport, CT)*         *by the United States and the YMCA*

In addition, the general rule with respect the competency of the condemnee landowner, as a *non–expert* witness, to testify regarding the fair market value of his property as of the time of the taking is as follows: "The opinion testimony of a landowner on the valuation of his land has been admitted in federal courts without further qualification". United States v. 3,698.63 Acres of Land, Etc., North Dakota, 416 F.2d 65, 67 (1969) (Cits. omitted). *Accord*: United States v. 68.94 Acres of Land in Kent County, Delaware, 918 F.2d 389, 398 (3rd Cir. 1990); United States v. 329.73 Acres of Land, Etc., 666 F.2d 281, 284 (5th Cir. 1982); United States v. Sowards, 370 F.2d 87, 89 (10th Cir. 1966). In other words, the landowner is competent to testify regarding his property's fair market value without the need for him to demonstrate any additional qualifications in order to give such opinion evidence. In 68.94 Acres of Land, 918 F.2d at 397, the Court cited as an authority for this general rule the Advisory Committee's Note to the 1972 adoption of the Rule 702 of the Federal Rules of Evidence, as follows: "[W]ithin the scope of the rule are not only experts in the strictest sense of the word ... but also the large group sometimes called 'skilled' witnesses such as ... landowners testifying to land values". (Ellipses in the original). A final statement in connection with this general rule is the following: "An owner is competent to give his opinion as to the value of his property, often by stating the conclusion without stating a reason". In re Petrella, 230 B.R. 829, 834 n.5 (Bkrtcy. N.D. Ohio 1999) (Cit. omitted).

(b)   **The 10/3/05 Stipulation**.   As set forth in Paragraphs 10–12 of the 10/3/05 Stipulation, and in accordance with the foregoing case law: (i) the YMCA, as the condemnee landowner and upon whom the fair market value burden of proof rests and who is competent to testify without further qualification (and in a conclusory manner) regarding the fair market value, is of the opinion that the value of Calves Island was at least $6.0M as of the 2/13/03 Taking; and (ii) the Government has stipulated to said $6.0M 2/13/03 fair market value.

Case 3:02-cv-00462-AHN    Document 83    Filed 10/04/2005    Page 4 of 7

No. 3-02-CV-462 (AHN) (Master Docket)
No. 3-03-CV-275 (AHN) (Member Case)                    ·Motion in Support of the Stipulation
(United States District Court, at Bridgeport, CT)          by the United States and the YMCA

    2.    **The YMCA's Waiver regarding any claim by it to a fair market valuation in excess of $6.0M**.

    (a)    **The Subject Law**. The two elements of the equitable doctrine of waiver were reconfirmed in Hermes Consolidated, Inc. v. United States, 58 Fed. Cl. 409, 411 (2003), *reversed on other grounds sub nom.* Tesoro Hawaii Corp. v. United States, 405 F. 3d 1339 (Fed. Cir. 2005):

> As a bedrock of the Anelo–American law of equity, "waiver" has been defined as an "intentional relinquishment or abandonment of a known right or privilege." *E.g.,* Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, [1023,] 82 L.Ed. 1461 (1938).

*Accord*: Chapman v. ChoiceCare Long Term Disability Plan, 288 F.3d 506, 510 (2d Cir. 2002). Waiver can be made not only with respect to a party's contractual or statutory rights, *See, e.g.*, Hermes Consolidated, 58 Fed. Cl. at 415, but importantly herein in the context of the YMCA's rights under the Takings Clause, a party's constitutional rights can similarly be waived if the two elements of waiver have been met. *See, e.g.*, Iowa v. Tovar, ___ U.S. ___, 124 S. Ct. 1379, 1389, 158 L.Ed. 2d 209 (2004).

    (b)    **The 10/3/05 Stipulation**. As set forth in Paragraph 13 of the 10/3/05 Stipulation, and in accordance with the foregoing case law, the YMCA has intentionally relinquished its known right to make a claim that it is entitled to FRCP 71A(j) just compensation based on a 2/13/03 fair market value of Calves Island that may be in excess of $6.0M.

Case 3:02-cv-00462-AHN   Document 83   Filed 10/04/2005   Page 5 of 7

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*                          *·Motion in Support of the Stipulation*
*(United States District Court, at Bridgeport, CT)*             *by the United States and the YMCA*

3.  **The YMCA and the Government are the only appearing Parties who have standing to be heard at the 10/18/05 Hearing regarding the just compensation.**

(a) **The 1/26/05 Ruling herein.** This Court has ruled in its 1/26/05 Decision, in Footnote 5 at pp. 13-14, that The Calf Island Community Trust, Inc. (the "CICT") and Marlyn Tsai ("Tsai") (the CICT and Tsai are collectively, the "Trust"), as defendants in this Member Case, have no standing to make any objection "to the amount of just compensation paid by the government to the YMCA".

(b) **The Import of said portion of the 1/26/05 Ruling in the context of the 10/18/05 Hearing.** The import of said portion of the 1/26/05 Ruling, in the context of the upcoming 10/18/05 Hearing, necessarily means that the Trust would be precluded from objecting to any evidence relating to three principal rulings which the YMCA and the Government hereby request to be made by the Court in connection with the 10/18/05 Hearing (as further discussed in the next sentence), and upon which the Court would be able to base its final determination of the amount and recipient of the just compensation award. More particularly, said three requested 10/18/05 rulings of the Court would be that: (i) only the Government has standing to object to the YMCA's evidence at the 10/18/05 Hearing regarding the fair market value of the Island as of the 2/13/03 Taking; (ii) because the fair market value of the Island is at least $6.0M as of 2/13/03 (per the opinion of the landowner, the YMCA, which is properly admissible evidence, and to which $6.0M valuation the Government has now stipulated), thus, the amount of $6.0M would constitute the FRCP Rule 71A(j) just compensation for the Island; and (iii) only the YMCA is entitled to the award of the $6.0M of just compensation.

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*
*(United States District Court, at Bridgeport, CT)*

·*Motion in Support of the Stipulation*
*by the United States and the YMCA*

4. **The Request herein**. The YMCA, on behalf of itself and the Government, respectfully requests that the Court accept the 10/3/05 Stipulation and use it as a basis for the findings and order that it enters in connection with the 10/18/05 Hearing.

·**Dated** October 3, 2005 at Greenwich, Connecticut.

                                **DEFENDANT**
                                Young Men's Christian Association
                                of Greenwich, Connecticut (YMCA), *a/k/a*

By: _____
        Philip H. Bartels
For:  Shipman & Goodwin LLP
        Its Attorneys
        289 Greenwich Avenue
        Greenwich, CT 06830-6595
        (203) 869-5600 * (Fax) 869-4648
        (Federal Bar No. ct06836)

*No. 3-02-CV-462 (AHN) (Master Docket)*
*No. 3-03-CV-275 (AHN) (Member Case)*                    ·*Motion in Support of the Stipulation*
*(United States District Court, at Bridgeport, CT)*       *by the United States and the YMCA*

# CERTIFICATION OF SERVICE

    THIS IS TO CERTIFY that a copy of the foregoing shall be mailed this day, postage prepaid, to all formal and informal Counsel of Record on October 3, 2005:

| | |
|---|---|
| John Hughes, Esq.<br>Civil Chief<br>United States Attorneys' Office<br>Box 1824<br>New Haven, CT 06508 | Joy Ryan, Esq.<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Land Acquisition Section<br>P.O. Box 561<br>Ben Franklin Station<br>Washington, DC 20044 |
| Dorothy Nelson Stookey, Esq.<br>New England Regional Counsel<br>The Trust for Public Land (Inc.)<br>33 Union Street<br>Boston, MA 02108 | John Van Allen Murray, Esq.<br>Diserio Martin O'Connor & Castiglioni, LLP<br>One Atlantic Street<br>Stamford, CT 06901 |
| Mary E. Sommer, Esq.<br>Sandak, Hennessy & Greco, LLC<br>970 Summer Street<br>Stamford, CT 06905 | |

                                                                                 Philip H. Bartels

#932 v1 - YMCA.Motion in Support of the Stipulation