UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CALF ISLAND COMMUNITY TRUST, INC., and MARILYN TSAI )<br>)<br>) Plaintiffs )<br>v. )<br>)<br>YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, a/k/a YMCA OF Greenwich, THE TRUST FOR PUBLIC LAND, d/b/a, THE TRUST FOR PUBLIC LAND INC. )<br>)<br>)<br>)<br>)<br>) Defendants | CIVIL NO. 3:02CV462(AHN)<br>(master) |
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>28.8 ACRES OF LAND, MORE OR LESS LOCATED OFF THE COAST OF GREENWICH, SITUATED IN THE COUNTY OF FAIRFIELD, STATE OF CONNECTICUT, YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, CONNECTICUT AND )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>UNKNOWN OWNERS, ET AL., )<br>)<br>Defendants. ) | CIVIL NO. 3:03CV275(AHN) |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO MOTION FOR COMPENSATION BY SUSANNE P. WAHBA**

1

The United States, plaintiff in the member condemnation case, submits this memorandum in opposition to the motion for award of compensation filed on December 23, 2005 by Susanne P. Wahba ("Claimant"). In her motion the claimant asserts that she had a property interest in Calf Island by way of a restrictive covenant contained in the 1955 deed from the original grantors to the YMCA which benefitted her property at 111 Byram Shore Road, Greenwich, Connecticut. Claimant contends that the condemnation of Calf Island by the United States extinguished the restrictive covenant and any property interest she may have had and that this depreciated the market value of her property. As previously agreed among the parties and approved by the court the question of whether claimant had a compensable interest in the island through the restrictive covenant should be decided first as a matter of law. Only if the court were to make such a finding would this matter proceed to a determination of the value of such interest through submission of appraisal reports or testimony.

The amount of compensation has already been preliminarily determined and awarded by the Court pursuant to Rule 71A(j), Fed. R. Civ. P. to the former owner of Calf Island, the Greenwich YMCA. The YMCA has agreed that if any compensation is found to be due to another claimant it shall be paid out of the amount previously awarded and paid to the YMCA. Accordingly, the interests of the YMCA are aligned with those of the United States in having the court determine that the claimant does not have a compensable interest. The YMCA has filed a lengthy memorandum in opposition to claimant's motion for compensation which the United States joins and adopts. The very thorough analysis of relevant Connecticut law and its application to the facts and exhibits presented fully support the YMCA's position that claimant does not have a compensable interest as a matter of law. For all of the reasons set forth in the

YMCA's Memorandum In Opposition to the Motion By Susanne B. Wahba for an award of compensation the United States request that such motion be denied.

          Respectfully submitted,

          KEVIN J. O'CONNOR
          UNITED STATES ATTORNEY

          _____
          JOHN B. HUGHES
          ASSISTANT U.S. ATTORNEY

CERTIFICATION

  This is to certify that a copy of the within and foregoing has been mailed, postage prepaid, this 30th day of January, 2006 to:

John Van Allen Murray, Esq.
Diserio Martin O'Connor & Castiglioni, LLP
One Atlantic Street
Stamford, Ct 06901

Mary E. Sommer, Esq.
Sandak, Hennessy & Greco, LLC
970 Summer Street
Stamford, CT 06905

Julia Evans, Esq.
United States Department of Justice
Environment & Natural Resources Division
Land Acquisition Section
P.O. Box 561
Ben Franklin Station
Washington, D.C.  20044

Dorothy Nelson Stookey, Esq.
New England Regional Counsel
The Trust for Public Land (Ind.)
33 Union Street
Boston, MA 02108

Philip H. Bartels, Esq.
Shipman & Goodwin LLP
289 Greenwich Avenue
Greenwich, CT 06830-6595

David S. Golub, Esq.
Silver, Golub & Teitel LLP
184 Atlantic Street
P.O. Box 389
Stamford, CT 06904-0389

            _____

            JOHN B. HUGHES