UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CALF ISLAND COMMUNITY<br>TRUST, INC., and MARLYN TSAI | : <br> : <br> : | CASE NO. 3:02cv00462 (AHN)<br>(LEAD CASE) |
| v. | : <br> : | |
| YOUNG MEN'S CHRISTIAN<br>ASSOCIATION OF GREENWICH, a/k/a,<br>YMCA OF GREENWICH, ET AL. | : <br> : <br> : | |
| | | |
| UNITED STATES OF AMERICA, | : <br> : | CASE NO. 3:03cv00275 (AHN)<br>(MEMBER CASE) |
| v. | : <br> : | |
| 28.8 ACRES OF LAND, ET AL. | : | MARCH 31, 2006 |

**SUSANNE P. WAHBA'S SUR-REPLY MEMORANDUM OF LAW**

Claimant Susanne P. Wahba has moved for a determination in United States of America v. 28.8 Acres of Land, et al. (the Member Case) that she is eligible to receive just compensation from plaintiff United States of America in connection with the condemnation of Calf Island in Greenwich, Connecticut. She submits this Memorandum to address Arnold v. Hoffer, a recent Connecticut appellate decision, which defendant Young Men's Christian Association ["YMCA"] contends has some bearing on the issues before the Court.

In Arnold v. Hoffer, 94 Conn. App. 53 (2006), involving parcels of land in a subdivision, the court reviewed one of the restrictive covenants in the parties' deeds to determine whether the covenant restricted the number (as well as the type) of buildings that could be built on any one parcel.[1] The plaintiffs wished to sell part of their land to a contractor who planned to build a

---

[1] The covenant states, "there shall not be erected on the premises hereby conveyed or on any part thereof, any building (other than a one story garage) except a detached dwelling house, for the use and occupancy of one family." Id. at 55.

single family residence on it. The plaintiffs argued that there was no intent by the grantor that the number of single family homes be limited. Id. at 56.

The appellate court upheld the trial court's ruling against the plaintiffs, concluding that the intent of the restrictive covenant was to preclude the construction of more than one dwelling on properties in the subdivision, including the property of the plaintiffs. Id. at 61. Analyzing the surrounding circumstances to glean the intent of the grantor, the court found compelling the fact that in two instances (involving other parcels in the subdivision) corrected deeds had been recorded specifically for the purpose of allowing the construction of two dwellings on the property conveyed, rather than just the one dwelling. The court concluded that these amended deeds made evident the grantor's intention to restrict the number of buildings to the one dwelling on the other parcels of land. Id. at 59-60.

Arnold sheds no light on the issues before this Court with respect to Mrs. Wahba's Motion for Award of Compensation. It involves a general development scheme which we do not have in this case. Additionally, it does not address the principal dispute between the parties – namely, whether the restrictive covenants run with the land to the benefit of Mrs. Wahba, or whether, as defendant contends, they constitute a gross easement benefitting only the original grantors.

Nor does Arnold support defendant YMCA's argument that the absence of covenant language in the deeds by which the original grantors conveyed their retained lands, or in the deeds between Mr. and Mrs. Wahba, is evidence of a gross easement. In Arnold, the above-mentioned corrected deeds were drawn up and recorded on the land records not to *include* restrictive covenants, which were already contained in the original conveyance deeds, but, rather,

to *exempt* those particular grantees from having to comply with one of the covenants.[2] Here the restrictive covenants on use of the Island were set forth in the deed to the YMCA, and obligated the YMCA and all future purchasers of the Island to comply with the covenants. The covenants benefitted the retained lands of the original grantors, no matter who subsequently took or inherited the lands. There was no need for corrected deeds to be recorded, as the restrictive covenants remained in force as originally drawn up in the YMCA's deed.

As discussed in prior memoranda submitted by the claimant, the Wahbas' property has an increased value based on the protections afforded the property by the restrictive covenants which protected its sight line. The appellate court in Arnold recognized that the increased cost to property owners, who pay a "premium" for property protected by restrictive covenants, is the basis for their right to enforce the covenants. Id. at 58 (grantees in subdivision have "equitable right" to enforce restrictions against all other grantees because of premium paid for property protected by such covenants.) The loss of these protections due to the condemnation of Calf Island should be compensated, and claimant Wahba's Motion should be granted.

CLAIMANT SUSANNE P. WAHBA,

By: _____
DAVID S. GOLUB ct00145
MARILYN J. RAMOS ct11433
SILVER, GOLUB & TEITELL LLP
184 ATLANTIC STREET
STAMFORD, CT 06905
203-325-4491

---

[2] Both corrected deeds made clear that they were being modified to specifically permit the erection of two houses on the parcel, rather than the one dwelling required by the restrictive covenant. Id. at 59-60.

## **CERTIFICATION**

This is to certify that a copy of the foregoing is being mailed, postage prepaid, this 31st day of March, 2006 to:

Philip H. Bartels, Esq.
John C. Fusco, Esq.
Shipman & Goodwin
289 Greenwich Avenue
Greenwich, CT 06830

John B. Hughes, Esq.
U.S. Attorney's Office
157 Church Street, 23rd Floor
P.O. Box 1824
New Haven, CT 06510

Julia Evans, Esq.
United States Department of Justice
Environment & Natural Resources Div.
Land Acquisition Section
P. O. Box 561
Ben Franklin Station
Washington, D.C. 20044

John V. A. Murray, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street, Suite 500
Stamford, CT 06901

Mary Sommer, Esq.
Sandak Hennessey & Greco
707 Summer Street
Stamford, CT 06901-1026

Dorothy Nelson Stookey, Esq.
New England Regional Counsel
The Trust for Public Land (Inc.)
33 Union Street
Boston, MA 02108

                                                                          _____
                                                                          MARILYN J. RAMOS ct11433