UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(at Bridgeport)

| | | |
|---|---|---|
| THE CALF ISLAND COMMUNITY TRUST, INC., and MARLYN TSAI | ) ) ) ) | CIVIL NO. 3-02-CV-462 (AHN) |
| v. | ) ) | |
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, a/k/a, YMCA OF GREENWICH, THE TRUST FOR PUBLIC LAND, d/b/a, THE TRUST FOR PUBLIC LAND (INC.) | ) ) ) ) ) ) | |
| UNITED STATES OF AMERICA | ) ) | CIVIL NO. 3-03-CV-275 (AHN) |
| v. | ) ) | |
| 28.8 ACRES OF LAND, MORE OR LESS, LOCATED OFF THE COAST OF GREENWICH, SITUATED IN THE COUNTY OF FAIRFIELD, STATE OF CONNECTICUT, YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREENWICH, CONNECTICUT (YMCA), AND UNKNOWN OWNERS, ET AL. | ) ) ) ) ) ) ) ) ) | April 3, 2006 |

## THE YMCA'S SUR-REPLY MEMORANDUM OF LAW

*Subject Motion:*     Mrs. Wahba's Motion for Award of Compensation, dated 12/23/05

*Subject Decision:*   <u>Arnold v. Hoffer</u>, 94 Conn. App. 53, 891 A.2d 63 (2/28/06)

---

In connection with the above–referenced 12/23/05 Motion, the **Young Men's Christian Association of Greenwich, Connecticut** (the "YMCA") hereby respectfully files this Sur-Reply Memorandum of Law, as follows:

1. **The *Arnold v. Hoffer* Decision**. In Arnold v. Hoffer, 94 Conn. App. 53, 891 A.2d 63 (2/28/06), at issue was the enforceability of a decades-old real estate restrictive covenant.

 (a) **The Subject Facts**. In connection with the West Terrace Subdivision in Danbury, the development company (the "Corporation") sold its 200+ lots in multilot parcels from 1925 to 1953; and starting in mid-1926, it placed various restrictive covenants in its deeds, including a restriction in nearly all the deeds with regard to the number of single-family dwellings that could be erected on the parcels that it conveyed. The subject restrictive covenant was as follows:

> [T]here shall not be erected on the premises hereby conveyed or on any part thereof, any building (other than a one story garage) except a detached dwelling house, for the use and occupancy of one family. *Id.*, 94 Conn. App. at 55, 891 A.2d at 64.

At issue in the case was whether or not the plaintiffs, who had purchased in 1997 a parcel (which consisted of six lots) in the West Terrace Subdivision and then re-subdivided the parcel in 2002 into two parcels, could have a single-family dwelling on each of these two parcels.

 (b) **The Decision**. Because the Appellate Court found that the language of the restrictive covenant was not conclusive, it then examined the "surrounding circumstances" (and also the history of the development of the Subdivision, which is a factor not relevant herein). *Id.*, 94 Conn. App. at 59, 891 A.2d at 66. The Court focused on two corrected deeds by the Developer in the 1950s by means of which it had corrected an error in one of the deeds regarding the restrictive covenant, and in the second corrected deed it modified the restrictive covenant, in order to expressly provide in the two corrected deeds that the owners of the two subject parcels could erect two dwelling houses on each parcel. *Id.*, 94 Conn. App. at 59-60, 891 A.2d at 66-67. As a result, the Court concluded that the plaintiffs, whose 1997 parcel had not been subject to a corrected deed by the Corporation,

and despite their 2002 re-subdivision of the 1997 parcel into two parcels, were "limited to constructing one house" on their two parcels. *Id.*, 93 Conn. App. at 61, 891 A.2d at 67.

    2.    **<u>The Applicability herein of *Arnold*: The importance to the continuing viability and enforceability of a restrictive covenant that results from the surrounding circumstance of the subsequent reconfirmation of the restrictive covenant in the chain of title of the dominant estate</u>**. The Corporation in <u>Arnold</u> had easily been able to use corrected deeds with regard to its restrictive covenant, which conduct reconfirmed the viability and enforceability of the restrictive covenant which enabled it to be enforced in said decision. Similarly herein, two of the four 6/21/55 Grantors, <u>viz.</u>, John Barrett and Clarence Reddington Barrett, ably used post–6/21/55 corrected (or, corrective) deeds (YMCA Exhibits "AA" and "FF").

But, in the sharpest of contrasts, totally absent herein is the <u>Arnold</u> surrounding circumstance of the restrictive covenant grantor's reconfirmation of its restrictive covenant in a subsequent deed. More particularly, none of the 6/21/55 Grantors, subsequent to the 6/21/55 Deed, ever confirmed via a corrected deed or via any other post–6/21/55 deed that the 6/21/55 R/Cs were appurtenant incidents to the title of any of their properties. Moreover, exactly the same as said total absence by the 6/21/55 Grantors, is the total absence of any such reconfirmation by their successors-in-title (which post–6/21/55 Grantors' group critically includes Mrs. Wahba) via a reference in their deeds to the 6/21/55 R/Cs or even to the 6/21/55 Deed. (*See* the 26 deeds of the 6/21/55 Grantors and their dominant estate successors-in-title that are YMCA Exhibits "A", "C", "E–K", "N–P", "R", "T–AA", "DD–FF" and "HH–II").

In this context, Mrs. Wahba has claimed in her 2/20/06 Reply Brief, at pp. 6-7, that there is no requirement that the deed of conveyance by a restrictive covenant dominant estate must mention the restrictive covenant as constituting an appurtenant incident to the title of

the dominant estate, and has cited <u>Schwartz v. Murphy</u>, 74 Conn. App. 286, 812 A.2d 87 (2002), *cert. den.* 263 Conn. 908, 819 A.3d 841 (2003), as authority. A careful reading of said decision, however, reveals that although the 1985 dominant estate deed into the plaintiff did not reference the restrictive covenant, nonetheless, there was a 2/2/81 Agreement (in which one of the subject restrictive covenants was set forth) that had been executed by the plaintiff's and defendants' respective predecessors in title and recorded in 1981, was thereafter reconfirmed in the servient estate's chain of title. Importantly, the Appellate Court did not hold that there was no requirement that a restrictive covenant must be referenced in the deeds of the dominant estate in order to be valid and enforceable. Instead, what the Appellate Court did hold in <u>Schwartz</u> was that the *subsequent* reference in a deed in the chain of title of the servient estate, <u>viz.</u>, in the defendants' deed to the previously–recorded 2/2/81 Agreement, was sufficient to bind the defendants' property with regard to the 2/2/81 restrictive covenant and was thus enforceable by the plaintiff. <u>Schwartz</u>, 74 Conn. App. at 295, 812 A.2d at 93. However herein, and juxtaposed to the existence of one or more post–restrictive covenant reconfirmatory deeds in <u>Schwartz</u> (Re: the servient estate) and <u>Arnold</u> (Re: the dominant estate), after the 6/21/55 date of the restrictive covenants there has not been a single deed that has referenced the 6/21/55 R/Cs in anyone's chain of title, *i.e.*, neither in the servient estate's post–6/21/55 Chain of Title of the YMCA, nor (as discussed previously) in any of the dominant estates' post–6/21/55 Chains of Title of the 6/21/55 Grantors.

In sum, the total absence herein, now for more than a half century since the 6/21/55 R/Cs, of the <u>Arnold</u> surrounding circumstance of at least one subsequent confirmation thereof in a deed by a restrictive covenant's grantor (or even by a dominant estate's successor-in-title) reinforces the conclusion that the 6/21/55 R/Cs are easements in gross which the 6/21/55 Grantors had reserved only for themselves.

•Dated April 3, 2006 at Greenwich, Connecticut.

                              **DEFENDANT**
                              Young Men's Christian Association
                              of Greenwich, Connecticut (YMCA), *a/k/a*

By:        _____
                Philip H. Bartels
For:       Shipman & Goodwin LLP
                Its Attorneys
                289 Greenwich Avenue
                Greenwich, CT 06830-6595
                (203) 869-5600 * (Fax) 869-4648
                (Federal Bar No. ct06836)

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing shall be mailed this day, postage prepaid, or via e-mail, to all formal and informal Counsel of Record on April 3, 2006:

| | |
|---|---|
| John Hughes, Esq.<br>Civil Chief<br>United States Attorneys' Office<br>Box 1824<br>New Haven, CT 06508 | Julia Evans, Esq.<br>United States Department of Justice<br>Environment and Natural Resources Division<br>Land Acquisition Section<br>P.O. Box 561<br>Ben Franklin Station<br>Washington, DC 20044 |
| Dorothy Nelson Stookey, Esq.<br>New England Regional Counsel<br>The Trust for Public Land (Inc.)<br>33 Union Street<br>Boston, MA 02108 | John Van Allen Murray, Esq.<br>Diserio Martin O'Connor & Castiglioni, LLP<br>One Atlantic Street<br>Stamford, CT 06901 |
| Mary E. Sommer, Esq.<br>Sandak, Hennessey & Greco, LLP<br>707 Summer Street – #3<br>Stamford, CT 06901-1026 | David S. Golub, Esq.<br>Silver, Golub & Teitell LLP<br>184 Atlantic Street<br>P.O. Box 389<br>Stamford, CT 06904-0389 |

                                                  _____
                                                  Philip H. Bartels

#3401 v1 - YMCA.Request for Permission to File