UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT
9/27/06
Kevin F.
By: C.L. Cody

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:~~03CV275~~(AHN) |
| ) | 02cv462 |
| 28.8 ACRES OF LAND, MORE OR LESS ) | |
| LOCATED OFF THE COAST OF ) | |
| GREENWICH, SITUATED IN THE ) | |
| COUNTY OF FAIRFIELD, STATE OF ) | |
| CONNECTICUT, YOUNG MEN'S ) | |
| CHRISTIAN ASSOCIATION OF ) | |
| GREENWICH, CONNECTICUT AND ) | |
| ) | |
| UNKNOWN OWNERS, ET AL., ) | |
| ) | |
| Defendants. ) | |

## STIPULATION FOR REVESTMENT OF RESTRICTIVE COVENANT

WHEREAS, Plaintiff, The United States of America, commenced the above entitled action for the purpose of acquiring by eminent domain certain land described in Schedule B of the Complaint in Condemnation and Declaration of Taking filed with this Court, identified herein as Calves Island, and also described herein as follows:

> The land with the buildings thereon which comprise Calves Island is located off the coast of Greenwich, Fairfield County, Connecticut. The subject property is more particularly described in a deed filed with the Greenwich Land Records in Book 538, Pages 93-98 and is further identified on the Town of Greenwich Tax Map 44, Lot 6. The land aggregates 28.8 acres, more or less, situated in and being in Fairfield County Connecticut and lies within the designated boundary of the Stewart B. McKinney National Wildlife Refuge.

1

WHEREAS, by reason of the filing of the Declaration of Taking and the depositing of monies as just compensation for the taking thereof, title to such land vested in the United States of America on February 13, 2003; and

WHEREAS, the estate taken as to Calves Island was the fee simple title in and to the land, together with all and singular the water rights and other rights, tenements, hereditaments and appurtenances thereunto belonging and in any way appertaining, subject to existing easements for public roads, highways, and railroads, ditches, telephone, telegraph and power transmission lines; and

WHEREAS, on December 23, 2005, Susanne P. Wahba ("Claimant") asserted that she had a property interest in Calves Island by virtue of a Restrictive Covenant contained in a deed conveying Calves Island to YMCA of Greenwich, Inc. ("YMCA"), Defendant, filed June 24, 1955, in the Greenwich Land Records in Book 538, Pages 93-98, which benefitted her property at 111 Byram Shore Road, Greenwich, Connecticut, described in two deeds filed with the Greenwich Land Records in Book 977, Page 123 and Book 3827, Pages 349-350 as follows:

> All that certain tract, piece or parcel of land, together with the buildings and improvements thereon, situated in the Town of Greenwich, County of Fairfield, and State of Connecticut, being approximately 1.50 acres in area, part of which is an access strip to Byram Shore Road, and fully and definitely shown as Lot #2 on a certain map entitled, "PROPERTY OF GEORGE P. & MONICA A. SMITH GREENWICH, CONN." certified substantially correct by Allan S. Devaul for S. E. Minor & Co., Inc., Civil Engineers, Greenwich, Conn. July 10, 1969, revised Jan. 3, 1972, which map is on file in the Town Clerk's Office of the Town of Greenwich, reference thereto being hereby made for a more particular description of said premises, said map being number 5277.

WHEREAS, Claimant concedes that the condemnation of Calves Island by the United States, through the filing of a Declaration of Taking, extinguished any and all rights she had with regard to said Restrictive Covenant and Calves Island, and alleges that this taking depreciated the market value of her property for which she is entitled to compensation; and

WHEREAS, the amount of just compensation for Calves Island has already been preliminarily determined and awarded by the Court pursuant to Rule 71A(j), Fed. R. Civ. P., to Defendant, YMCA, the former owner of Calves Island.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE UNITED STATES OF AMERICA, PLAINTIFF, AND YMCA, DEFENDANT AND SUSANNE P. WAHBA, CLAIMANT,** as follows:

In the interests of a just and speedy resolution to this condemnation case, the following portions of the restrictive covenant, as set forth herein will be revested in Claimant, Susanne P. Wahba, her successors and assigns, as rights appurtenant to her property. No further compensation is to be awarded for the taking of the Claimant's interest which is not revested. The restrictive covenant to be revested is as follows:

1. Calves Island shall never be used for any purpose other than residential purposes; except it may be used for wildlife refuge purposes;

2. No building or other structure shall ever be erected or maintained on Calves Island which is more than one story or which is more than twenty five feet in height; and no building or structure shall ever be erected or maintained on that portion of the above-described land lying in the northwesterly section of Calves Island shown as a shaded area on the plan of said Calves Island attached hereto.

3. No building or structure shall ever be erected or maintained on the above-described land other than a) single-family dwellings with appurtenant outbuildings; no lot of land upon which upon a single-family dwellings with appurtenant outbuildings is erected or maintained shall be less than one acre in

area, and no more than one such single-family dwellings with appurtenant outbuildings shall be erected or maintained on any lot of land; or b) buildings or structures associated with the use of Calves Island as a wildlife refuge;

4. No trees or shrubs on the above-described land shall be cut down, removed or destroyed, except as may be reasonably necessary (a) for the care and preservation generally of the trees and shrubs on the land, (b) in connection with the construction, maintenance and protection of any building or structure that may be erected or maintained on said land, and (c) to further the use of the land as a national wildlife refuge; provided that the remaining trees, shrubs and other natural growth protect the view from the area on the nearby mainland in Byram, Connecticut, lying between Byram Shore Road and the shore of Long Island Sound, and the residences erected thereon.

5. That the foregoing covenants shall be deemed and construed as running only with the land of Susanne P. Wahba as described herein and her successors and assigns.

It is expressly understood and agreed that upon the entry of this Stipulation, the Plaintiff, Defendant and Claimant agree to waive any and all claims of whatsoever kind including attorney's fees and any other costs.

United States of America

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

BY: _____
JOHN B. HUGHES
ASSISTANT U.S. ATTORNEY
157 Church Street
New Haven, CT 06510

YMCA of Greenwich, Inc.

BY: *[signature]* Philip H. Bartels    9/20/06
    Philip H. Bartels, Esq.
    Shipman & Goodwin
    289 Greenwich Avenue
    Greenwich, CT 06830

*[stamp: 06 SEP 21 AM 11:23, NEW HAVEN, CONNECTICUT]*

Susanne P. Wahba

BY:_____
    David S. Golub, Esq.
    184 Atlantic Street
    Post Office Box 389
    Stamford, CT

YMCA of Greenwich, Inc.


BY:_____
      Philip H. Bartels, Esq.
      Shipman & Goodwin
      289 Greenwich Avenue
      Greenwich, CT 06830


Susanne P. Wahba

BY:_____
      David S. Golub, Esq.
      184 Atlantic Street
      Post Office Box 389
      Stamford, CT

